

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 4/7/2021

☐ Pro Se    ☒ Retained    ☐ CJA    ☐ FPD

USA or other
☐ Federal Agency
(Appeal Fee Exempt)

Case No: <u>20-cv-0364-PAB-NYW</u>

☐ Amended Notice of Appeal
☐ Other pending appeals
☐ Transferred Successive
   §2254 or §2255
☐ Supplemental Record

Date Filed: <u>4/6/2021</u>

Appellant: <u>Mark Walker</u>

Pro Se Appellant:
   ☐ IFP forms mailed/given    ☐ Motion IFP pending    ☐ Appeal fee paid
                               ☐ IFP denied             ☐ Appeal fee not paid

Retained Counsel:
   ☒ Appeal fee paid    ☐ Appeal fee not paid    ☐ Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals.  Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:   s/ S. Phillips
      Deputy Clerk

cc:   Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00364-PAB-NYW

MARK WALKER,

      Plaintiff,

v.

PARK COUNTY SHERIFF'S OFFICE,
DEPUTY LEIGH COCHRAN,
DUMB FRIENDS LEAGUE HARMONY EQUINE CENTER, and
BOBBI PRIESTLEY,

      Defendants.

---

**ORDER**

---

This matter is before the Court on Dumb Friend League Harmony Equine Center and Bobbi Priestly's Motion to Dismiss [Docket No. 32] and Park County Sheriff's Office and Deputy Leigh Cochran's Motion to Dismiss [Docket No. 33]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

**I. BACKGROUND**[1]

Plaintiff is a rancher who, prior to the events giving rise to this suit, had a total of 78 horses at three ranches in Hartsel, Colorado. *See* Docket No. 18 at 2, ¶ 4. Plaintiff has been breeding and raising horses for over 40 years. *See id.*, ¶ 5. In January, 2019, the winter in Hartsel was difficult; snowfall exceeded 30 inches and temperatures reached 40 degrees below zero for a two week period. *See id.*, ¶ 7. The harshness of

---

[1] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

winter required extra work for plaintiff.  In a normal winter, it would take plaintiff and his two ranch hands three hours to feed the herd, but, in January 2019, it took at least six hours per day.  *Id.* at 3, ¶ 8.  Plaintiff had to plow through the snow to reach his horses. *See id.*

On January 28, 2019, defendant Deputy Leigh Cochran, the animal control officer for the Park County Sheriff's Office, received complaints regarding thin horses at one of plaintiff's ranches.  *See id.*, ¶ 10.  Deputy Cochran went to plaintiff's ranch, but could not find any horses, so she contacted plaintiff to inform him of the complaints. *See id.*  On January 29, 2019, another deputy received a call regarding a dead horse on the same ranch; Deputy Cochran went to the ranch and found the dead horse.  *See id.*, ¶ 11.  Deputy Cochran again told plaintiff about the complaints regarding thin horses on his ranch.  *Id.*  That same day, Deputy Cochran "posted a Notice of Warning that Mr. Walker has to provide food, water, and veterinary case for the horses."  *See id.* at 4, ¶ 12.  On February 4, Deputy Cochran went back to plaintiff's ranch, where she saw that plaintiff was feeding his horses, buffalo, and cattle in the same pasture; over the next few days plaintiff separated the animals "so they could be fed independently."  *Id.*, ¶ 14.

On February 14, Deputy Cochran contacted defendant Bobbi Priestly, the manager of Field Services for defendant Dumb Friends League, Harmony Equine Center ("Harmony") and a peace officer with the Colorado Department of Agriculture. *See id.* at 1, 4 ¶¶ 1, 15. Agent Priestly went to plaintiff's ranch, where she saw plaintiff moving his horses.  *Id.*  Deputy Cochran issued a second notice to plaintiff on February 14, alerting him that he had to provide food, water, and veterinary care to his herd.  *See*

*id.* Although the notice stated that plaintiff had until February 18 to improve the condition of his herd, Deputy Cochran told plaintiff that he had 30 days. *id.* at 16. On February 15, Deputy Cochran and Agent Priestly returned to plaintiff's ranch. *See id.* at 5, ¶ 17. Plaintiff moved seven skinny horses closer to the ranch buildings and, after a drive through plaintiff's fields, Deputy Cochran identified four additional horses that should "be brought to the pens." *Id.* Later that day, plaintiff's veterinarian inspected one horse in the "skinny pen," and told plaintiff to "keep doing what he was doing"; the veterinarian said nothing regarding the other horses in that pen. *Id.*, ¶ 18.

On February 16, Deputy Cochran returned to the ranch and suggested an alternate feeding plan for the horses. *See id.*, ¶ 19. Another veterinarian also came to assess one of plaintiff's horses, "rated the horse as a 1 on the Henneke scoring system, which is the lowest rating out of nine points," and recommended a particular feeding plan, to which plaintiff agreed. *Id.* Deputy Cochran returned on February 18 and "noted that all the horses were eating better grass hay and all had water." *Id.*, ¶ 20. One horse, however, was not doing well; plaintiff "did not think she would survive." *Id.* The next day, Agent Priestly informed Deputy Cochran that she did not think that plaintiff had been properly caring for his animals and "their survival was not likely" if left in plaintiff's care. *Id.* at 5-6, ¶ 21. Deputy Cochran agreed and, as a result, "drafted an affidavit to support a warrant to seize the horses." *Id.* at 6, ¶ 22. Deputy Cochran "signed all the search warrants used" and "Agent Priestly decided to execute the warrants." *Id.* at 7, ¶ 26. On February 21, 2019, "defendants" went to plaintiff's ranch with "11 trailers and 21 people" and seized 48 horses. *Id.* at 6, ¶ 24. Defendants seized an additional 10 horses on February 25 and 27, for a total of 58 horses. *Id.*,

¶ 25.  The horses were brought to Harmony.[2]  *See id.* at 8, ¶ 26.

Plaintiff attempted to retrieve his horses.  *See id.* at 8, ¶ 30.  To do so, however, "he had to put up a bond of $250 per month for each horse to pay for its care."  *Id.*  This meant he had to pay an upfront bond of $15,450 and that same amount every month thereafter.  *Id.*  Plaintiff could not afford the bond.  *Id.*

The district attorney for Park County charged plaintiff with eight counts of animal cruelty, for which plaintiff was found not guilty on December 6, 2019.  *Id.*, ¶ 32.  After he was found not guilty, plaintiff asked Harmony to return any horses remaining in its possession.  *Id.* at 8-9, ¶ 34.  Harmony "would not return the remaining five horses."[3]  *Id.*

Plaintiff filed suit on February 12, 2020.  *See* Docket No. 1.  In his amended complaint, plaintiff brings five claims: (1) unconstitutional seizure "in violation of the Fourth Amendment or the [Fourteenth] Amendment, or both" against all defendants; (2) malicious prosecution in violation of the Fourth Amendment against all defendants; (3) state law civil theft against Agent Priestly and Deputy Cochran; (4) state law outrageous conduct against Agent Priestly; and (5) state law defamation against Agent Priestly.  *See* Docket No. 18 at 9-13.  *See* Docket No. 18 at 6.  Both the Law Enforcement defendants and the Harmony defendants have filed motions to dismiss, *see* Docket Nos. 32-33, arguing, inter alia, that they are entitled to qualified immunity and, even if

---

[2] Plaintiff lists the Dumb Friend Friends League as a defendant in this case, but his allegations often refer to the Humane Society.  While both are animal organizations, they are different.  Nevertheless, given that the Dumb Friends League was properly served and has filed a motion to dismiss, the Court assumes that plaintiff meant the Dumb Friends League and not the Humane Society in his allegations.

[3] Plaintiff believes the other horses were adopted.  *Id.*

they were not, plaintiff has failed to state a claim.  *See id.*

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Insurance*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, the Court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to

dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III.  ANALYSIS

Before addressing the merits of defendants' motions to dismiss, the Court first notes that plaintiff has conceded that several claims should be dismissed.  First, plaintiff "concurs that the § 1983 malicious prosecution claim against Harmony may be dismissed."  *See* Docket No. 40 at 9.  Plaintiff also agrees to dismiss his municipal liability claims against the Park County Sheriff's Office without prejudice.  *See* Docket No. 41 at 11.  Accordingly, the Court will dismiss these claims.

### A.  Fourth Amendment Seizure

All defendants argue that plaintiff has failed to provide any non-conclusory allegations that they committed an unreasonable seizure and, even if plaintiff did, defendants are entitled to qualified immunity.  *See* Docket No. 32 at 3-6; Docket No. 33 at 3-6.

Qualified immunity "protects public employees from both liability and 'from the burdens of litigation' arising from their exercise of discretion."  *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quoting *Allstate Sweeping, LLC v. Black*, 705 F.3d 1261, 1266 (10th Cir. 2013)).  For a claim to survive a qualified immunity defense, a

plaintiff must "demonstrate '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Id.* (quoting *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015)). Courts are permitted to address the prongs of the qualified immunity analysis in any order that they wish and, should "think hard" before addressing both prongs of the analysis. *See Hunt v. Bd of Regents of Univ. of N.M.*, 792 F. App'x 595, 600-01 (10th Cir. 2019) (unpublished) (citing *Camreta v. Greene*, 563 U.S. 692, 707 (2011)); *see also Yeasin v. Durham*, 719 F. App'x 844, 850 (10th Cir. 2018) (unpublished) ("We can analyze either prong of the qualified immunity test first and can resolve the case solely on the clearly established prong." (citing *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013)).

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Plaintiff can demonstrate that a right is clearly established "by identifying an on-point Supreme Court or published Tenth Circuit decision" establishing the unlawfulness of the defendant's actions. *Cummings*, 913 F.3d at 1239 (quoting *Quinn*, 780 F.3d at 1005). "Although it is not necessary for the facts in the cited authority to correspond exactly to the situation the plaintiff complains of, the 'plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited.'" *Estate of B.I.C. v. Gillen*, 761 F.3d 1099, 1106 (10th Cir. 2014) (quoting *Trotter v. Regents*, 219 F.3d 1179, 1184 (10th Cir. 2000)).

"The general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *See Bailey v. United States*, 568 U.S. 186, 192 (2013). When a search or seizure is conducted pursuant to a warrant, "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). However, issuance by a neutral magistrate does not necessarily end the inquiry. There are four situations where a seizure pursuant to a warrant will not provide an officer with qualified immunity: (1) "the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for his reckless disregard of the truth"; (2) "[the] issuing magistrate wholly abandons her judicial role"; (3) "the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) "[the] warrant is so facially deficient that the executing officer could not reasonably believe it was valid." *See United States v. Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000) (citations, quotations, and alterations omitted).

The Court finds that plaintiff has failed to establish any of the four exceptions. Regarding the first, second, and third exceptions, none of plaintiff's allegations go to the falsity of the affidavit, the magistrate abandoning her judicial role, or the facial deficiency of the warrant. *See Danhauer*, 229 F.3d at 1007. Nor does plaintiff argue in either of his responses that these three exceptions apply.[4] *See* Docket Nos. 40, 41.

---

[4] Plaintiff in particular could not argue that the affidavit contained false or misleading information as the affidavit contains information and allegations nearly identical to those found in plaintiff's complaint.

Rather, plaintiff contends that he has alleged that there was no probable cause to seize his horses.  *See* Docket No. 40 at 5-6; Docket No. 41 at 5-6.  Thus, plaintiff's allegations and arguments go to the third exception, the indicia of probable cause to support the warrant itself.   *See Danhauer*, 229 F.3d at 1007.

Under the third exception, a suit against an officer will be allowed "when it is obvious that no reasonably competent officer would have concluded that a warrant should issue."  *See Millender*, 565 U.S. at 547.  However, "the threshold for establishing this exception is a high one."  *Id.*  "[I]n the ordinary case, an officer cannot be expected to question the magistrate's probable cause-determination because it is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant."  *Id.* (citing *United States vs. Leon*, 468 U.S. 897, 921 (1983)).  "[W]here a magistrate acts mistakenly in issuing a warrant but within the range of professional competence of a magistrate, the officer who requested the warrant cannot be held liable."  *See id.* at 547-48 (citing *Malley v. Briggs*, 475 U.S. 335, 346 n.9 (1986)).

In reviewing the affidavit, the Court finds that it is not so lacking in indicia of probable cause such that the issuance of the warrant was not within the range of professional competence.[5]  *See Millender*, 565 U.S. 547.  The affidavit states the

---

[5] Although this is a motion to dismiss, the Court may consider the warrants and the affidavits supporting so long as the are relied on in the complaint, "central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  *See Rathbun v. Montoya*, 628 F. App'x 988, 990 n.2 (10th Cir. 2015) (unpublished) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (evaluating the warrants and affidavits in reviewing a Fourth Amendment seizure case).  Plaintiff does not object to the use of these documents or dispute their authenticity.  *See, e.g.*, Docket No. 40 at 2-3 n.3.

following relevant facts: (1) Deputy Cochran received reports regarding thin horses off

Highway 24 and made contact with plaintiff regarding those reports; (2) another deputy

received complaints regarding thin horses off the same highway; (3) a citizen reported

that she saw a dead horse and that no one had been feeding the horses; (4) Deputy

Cochran saw the dead horse herself, which was "mostly covered by snow"; (5) plaintiff

told Deputy Cochran he had been unable to move his horses and that the dead horse

probably died from the cold; (6) plaintiff informed Deputy Cochran "that he could not

access the far back north side of the property due to large snow drifts"; (7) plaintiff had

not separated his previously identified thin horses from the rest of his herd and plaintiff

"could not point out specifically where the nine horses were"; (8) plaintiff told Deputy

Cochran that "two, possibly four" horses had died; (9) plaintiff informed Deputy Cochran

he did not want the horses at the ranch on two separate occasions, to which Deputy

Cochran responded that the horses needed adequate care and feeding; (10) on a visit

to plaintiff's ranch, Deputy Cochran and plaintiff rode a tractor through plaintiff's fields

and found more thin horses; plaintiff was "shocked" that the horses were thin "because

they were fine" the week prior; (11) on several occasions, starting on January 30,

Deputy Cochran directed plaintiff to provide his thin horses different feed, but plaintiff

did not feed "better hay" until February 18; however, at that point, he had still not fed

the horses the feed directed by Deputy Cochran; (12) a veterinarian assessed one of

plaintiff's horses on the Henneke body score and rated it a one, the lowest score,

because "[t]he horse had little to no body fat that could be felt, with deep spaces

between the ribs" and the "withers down the back to the hips and tail head were all

protruding"; and (13) "there could be as many as ten" deceased horses and two were

missing from the originally identified nine.  *See* Docket No. 32-1 at 4-8.

The affidavit paints a clear picture: the weather was harsh and plaintiff's horses were in rough condition.  Plaintiff failed to provide his horses the appropriate feed until several weeks after he was directed, and at least two horses, and possibly ten, had died.  Plaintiff refused to bring his horses near the barn for proper shelter until he was given several warnings and directives.  This is not a situation where there is nothing to connect plaintiff to the horses, the care received, or the ranch.  *See United States v. Gonzales*, 399 F.3d 1225, 1231 (10th Cir. 2005) (finding an affidavit lacking where there was nothing connecting the plaintiff to criminal activity except his status as a felon).  "An affidavit establishes probable cause . . . if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place."  *See United States v. Knox*, 883 F.3d 1262, 1275 (10th Cir. 2018). The affidavit here describes plaintiff's property, plaintiff's horses, plaintiff's care of the horses, and plaintiff's dilatory response to caring for the horses.  This establishes a fair probability that plaintiff had not been adequately caring for his herd and is sufficient indicia of probability to support the magistrate's issuance of the warrant.

Plaintiff argues that there was no probable cause because: (1) Deputy Cochran and Agent Priestly should have known that the cold weather would eventually end; (2) a veterinarian at Harmony, post seizure, found the majority of his horses healthy; (3) there was a conspiracy to seize his horses so that Harmony could profit off their sale; and (4) he was acquitted of animal cruelty after a jury trial.  See Docket No. 40 at 4-7; Docket No. 41 at 5-8.  Regarding two and four, the post-hoc veterinary analysis and criminal acquittal, both of those occurred after the warrant was issued and, as a result,

are irrelevant to whether there was sufficient information in the affidavit to support the magistrate's issuance of the warrant. The question is not whether, after the warrant was issued, other information came to light that might have contradicted the magistrate's determination, but whether, in the affidavit itself, there was sufficient information to support the magistrate's conclusion. The Court already found that there was and, thus, any post-hoc information is irrelevant.

As to the alleged conspiracy, plaintiff provides no "supporting factual averments," *Cory*, 583 F.3d at 1244, for his allegation that there was some conspiracy to seize his horses. Rather, he states in conclusory fashion that, because Harmony profits off the selling of seized horses, there must be some conspiracy. *See* Docket No. 18 at 7, ¶ 26 ("The business of the Harmony Equine Center is to provide the horses for adoption by private owners. Thus, the seizures promoted its business."). However, without any supporting facts – when the conspiracy started, how it was enacted, who was part of it – plaintiff's allegation is merely conclusory, and the Court need not accept it. *See Cory*, 583 F.3d at 1244. Finally, the Court finds plaintiff's argument regarding the weather unpersuasive. He alleges that any "cruelty to the animals . . . was caused by an act of God," and that Deputy Cochran and Agent Priestly should have known that the weather would warm up. *See* Docket No. 18 at 5-6, 10, ¶¶ 21, 40. However, even if the weather is out of plaintiff's control, plaintiff provides no support for argument that he is not required to respond to that weather and act accordingly such that there was no probable cause to issue the warrant.

Plaintiff, in response to the motions to dismiss, cursorily makes a second argument, that the warrants were overbroad. *See* Docket No. 41 at 6 ("The instant

12

case is controlled by the line of cases in which an officer seizes items not listed in the warrant."). The Court notes that nowhere in plaintiff's complaint are there any allegations regarding the overbreadth or non-specificity of the warrants.[6] This alone is sufficient to dismiss plaintiff's claim. However, the Court finds that, even if plaintiff sufficiently presented this argument in his complaint, the warrants were not so overbroad as to be invalid.

Under the Fourth Amendment, warrants must (1) be supported by probable cause and (2) "particularly describe the place to be searched, and the persons or things to be seized." *See Rathbun v. Montoya*, 628 F. App'x 988, 993 (10th Cir. 2015) (unpublished) (citing U.S. Const. amend. IV). "A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Pulliam*, 748 F.3d 967, 972 (10th Cir. 2014) (citation and quotations omitted). However, even if overbroad, a validly issued warrant will shield an officer from suit so long as it is not unreasonable for the officer to conclude that the warrant permitted the officers to seize the items that were seized. *See Rathbun*, 628 F. App'x at 994. An officer can "reasonably conclude[] that the warrant was sufficiently particular, even though it described the items to be seized in broad or generic terms, given the nature of the crime[] under investigation." *Id.*; *see also United States v. Cooper*, 654 F.3d 1104, 1127 (10th Cir. 2011) ("[W]hether a search warrant is sufficiently particular depends in part on the nature of the crimes being investigated.").

---

[6] Plaintiff does allege that extra horses were seized in violation of the Fourteenth Amendment, *see* Docket No. 18 at 10, ¶ 41, but that allegation does not reference the breadth of the warrant, just the breadth of the seizure and the corresponding bonding scheme.

The Court finds that it was not unreasonable for defendants to conclude that the warrant permitted them to seize the horses seized.  First, as described above, the warrant was validly issued and supported by probable cause.  Second, the context of the underlying criminal allegations was that plaintiff was failing to provide care for his herd.  The warrant states that, "[b]ased on veterinary recommendations[,] equines will be seized and impounded."  *See* Docket No. 32-2 at 2.  This sufficiently describes that any horse recommended by a veterinarian to be seized is permitted to be seized.  The seizing officers could reasonably conclude – indeed the warrant specifically states – that any horse recommended to be seized shall be seized, particularly given the context of the underlying criminal charges.  Plaintiff does not argue, or allege, that the horses were not seized pursuant to veterinarian recommendation, rather, plaintiff "disputes which horses met this criteria."  *See* Docket No. 41 at 6.  But plaintiff disagreeing with a veterinarian's recommendation – in a response to a motion to dismiss and not his complaint – is not the appropriate constitutional test.  The question is whether the validly issued warrant described the items to be seized with sufficient particularity such that a reasonable officer could conclude she was permitted to seize the items seized. *See Rathbun*, 628 F. App'x at 994.  That was the situation here.

In sum, the Court finds that the horses were seized pursuant to a validly issued warrant, that the warrant described with appropriate particularity the horses to be seized, and that the warrant was supported by sufficient probable cause.  As a result, Deputy Cochran and Agent Priestly are entitled to qualified immunity and plaintiff's

claim for unreasonable seizure is dismissed.[7]

### B.  Fourteenth Amendment Excessive Bond

Plaintiff asserts that defendants "seized [] extra horses knowing that this would make it impossible for [plaintiff] to bond out the horses and, therefore, Harmony could keep the additional horses."  *See* Docket No. 18 at 10, ¶ 41.  He alleges that "[t]his violates the 14th Amendment."  *Id.*  Defendants argue that plaintiff's allegations regarding the bonding scheme are conclusory and therefore should be dismissed.  *See* Docket No. 46 at 7; Docket No. 47 at 1.

First, the basis for plaintiff's claim that his Fourteenth Amendment rights were violated is unclear.  The only indication in his complaint is that the seizure of the "extra horses" violates the Fourteenth Amendment because they were seized in order to "make it impossible for [plaintiff] to bond out the horses."  *See* Docket No. 18 at 10, ¶ 41.  Therefore, the Court does not know if plaintiff is asserting an excessive fine claim based on the Eighth Amendment made applicable to the states by the Fourteenth Amendment, a procedural due process claim, or a substantive due process claim.  *See, e.g.*, *Campbell v. City of Spencer*, 682 F.3d 1278, 1285 (10th Cir. 2012) (excessive fine claim for seized horses).  Additionally, plaintiff's description of the bonding requirement is vague.  He provides no details, other than to say that "he had to put up a bond of $250 per month for each horse."  *See* Docket No. 18 at 8, ¶ 30.  Thus, there are no

---

[7] Plaintiff also asserts a claim against Harmony for unreasonable seizure, but he provides no support for Harmony being a government official such that § 1983 is applicable to it or that it had anything to do with the preparation or execution of the warrant.  Plaintiff's only argument is that Harmony is "liable under §1983 because it was the beneficiary of the conspiracy to seize as many horses as possible to fulfill the business purposes of Harmony."  *See* Docket No. 40 at 8-9.  The Court already concluded that plaintiff's allegations regarding the conspiracy are conclusory.

allegations regarding whether this bonding requirement is a municipal ordinance, a state statute, or simply Harmony's boarding rules.

Second, as already described above, plaintiff has failed to assert any non-conclusory allegations regarding a bonding conspiracy or claim. Without any well-pled allegations, plaintiff cannot succeed against defendants.

Third, if the "bond" is simply Harmony's own rules and fee for taking care of boarded horses, plaintiff fails to explain how this private organization's boarding rules could supply the requisite state action to support a § 1983 claim, whether against Harmony or any of the defendants. In plaintiff's initial citation to *Robbins v. City of Greeley*, No. 15-cv-00683-RPM, 2016 WL 454999 (D. Colo. Feb. 5, 2016), plaintiff suggests that the "bond" requirement is just boarding fees, as he states "*[a]lthough the bond was pursuant to a city municipal code*, the principal in *Robbins* is the same as that herein." *See* Docket No. 40 at 7. This suggests that, unlike the municipal bond in *Robbins*, the bond here is Harmony's requirement. However, plaintiff later argues that the "abuse of this bonding statute was simply a cover used to steal the horses." *Id.* at 8. Given that plaintiff provides no support for the proposition that Harmony's private boarding fees could violate the Fourteenth Amendment and given plaintiff's statement that there is a "bonding statute," the Court assumes plaintiff is alleging that there is some ordinance or statute that requires the horses to be bonded at $250 per animal per month.

Fourth, even assuming as much, there are no allegations connecting defendants to the bonding requirement. If plaintiff is alleging that (1) the bonding scheme is excessive, (2) he was denied due process to challenge it, or (3) the scheme violates

substantive due process, plaintiff has failed to allege that any of the named defendants are responsible for the underlying bond structure or his denial of due process, substantive or procedural.  Rather, he only alleges that seizing extra horses would benefit Harmony.  *See* Docket No. 18 at 10, ¶ 41.  However, as already concluded, the horses were seized pursuant to a valid warrant.  Plaintiff's real issue, then, is with the underlying bonding scheme, which, to avoid having the horses adopted, forces him to pay to have them taken care of by Harmony, regardless of the number of horses seized.  But plaintiff has not cited a single case where the officers executing a warrant could be liable under §1983 for the bond requirements concerning the seized property or where a private organization responsible for holding the seized property at the direction of law enforcement could be liable under § 1983.  Nor has he provided any allegations or argument that defendants prevented plaintiff from exercising his procedural due process rights to challenge the scheme.

Plaintiff's citation to *Robbins* is unpersuasive.  There, the plaintiff had her dogs seized and was required to pay a bond to have the dogs held by the Humane Society during the pendency of her criminal case.  *See Robbins*, 2016 WL 454999, at *3.  The plaintiff could not pay the bond, her dogs were taken and either euthanized or adopted, and she was eventually acquitted in the underlying criminal trial.  *Id.* at *3-*4.  Moreover, she was not permitted to challenge the scheme until after she was acquitted, and the corresponding criminal motion to suppress the evidence that resulted in her dogs being taken was not ruled on until some time after the dogs had been taken from her.  *See id.* at *3-*5.  The court ruled that the procedural due process claim was "so egregious" that it was also a violation of substantive due process.  *See id.* at *5.  *Robbins* is different

from plaintiff's situation in three respects.  First, the plaintiff in *Robbins* sued the City of

Greeley, whose municipal bond scheme caused plaintiff to lose her animals, not the

officers who seized her dogs or the shelter who held them.  *See id.* at *1.  Second, the

plaintiff was never permitted to challenge the bonding process and the motion to

suppress was ruled on long after her dogs were taken.  *See id.* at *3-4.  By contrast,

plaintiff here has not alleged that he was unable to challenge the bonding scheme or

that he ever attempted to challenge it.   Finally, the dogs were seized illegally in

*Robbins* as a result of a traffic stop that lacked probable cause.  *See id.* at *4.  Here,

there was sufficient probable cause for the magistrate judge to issue the warrant.  In

sum, *Robbins* dealt with a plaintiff who (1) sued the proper entity; (2) attempted to

challenge the bonding scheme as unconstitutional; and (3) was deprived of challenging

that scheme in a timely manner in order to prevent the adoption or euthanization of her

animals.  Plaintiff, on the other hand, (1) sues the officers rather than the entity whose

code requires the bond; (2) does not allege that he attempted to challenge the scheme

at any point; and (3) had his horses seized pursuant to a valid warrant.  *Robbins* is thus

inapposite.

In sum, plaintiff has failed to plead any non-conclusory allegations regarding a

bonding conspiracy or scheme and has pled no allegations whatsoever that defendants

are responsible for the underlying bonding requirement.  As a result, plaintiff's

Fourteenth Amendment claim will be dismissed.

### C.  Malicious Prosecution

Defendants next seek to dismiss plaintiff's claim for malicious prosecution.  *See*

Docket No. 32 at 7; Docket No. 33 at 6-8.  Defendants essentially argue that (1) there

was no constitutional violation and (2) they would be entitled to qualified immunity even if there was. *See id.*; *see also* Docket No. 47 at 1. As stated above, plaintiff agrees that the malicious prosecution claim against Harmony should be dismissed. *See* Docket No. 40 at 9. However, he contends that he has made sufficient allegations to support his claims against both Deputy Cochran and Agent Priestly. *See id.*; *see also* Docket No. 41 at 9-10.

To state a claim for malicious prosecution, a plaintiff must adequately allege: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (citation omitted). Even assuming that plaintiff can establish elements one, two, four, and five, Deputy Cochran and Agent Priestly would be protected by qualified immunity because the seizure of his horses and prosecution for animal cruelty occurred pursuant to a validly issued warrant. As a result, qualified immunity protects both Deputy Cochran and Agent Priestly from suit for malicious prosecution under the Fourth Amendment. *See Stonecipher v. Valles*, 759 F.3d 1134, 1147 (10th Cir. 2014) (applying the Fourth Amendment qualified immunity analysis to conclude an officer was shielded from liability for malicious prosecution); *see also Bailey v. Twomey*, 791 F. App'x 724, 733-35 (10th Cir. 2019) (unpublished) (same).[8]

---

[8] While *Bailey* questions whether "actual" or "arguable" probable cause is the relevant standard for qualified immunity for warrantless arrests, *see Bailey*, 791 F. App'x at 733-34, that discussion is irrelevant for the purposes of plaintiff's claim because plaintiff's horses were seized pursuant to a warrant. The Fourth Amendment qualified immunity analysis applies to the probable cause prong of the malicious

### D.  Remaining State Law Claims

Plaintiff's remaining claims arise under state law.  *See* Docket No. 18 at 11-13.
Although the Court may exercise supplemental jurisdiction over state law claims if there
is a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) provides that a district court
"may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district
court has dismissed all claims over which it has original jurisdiction."  The Tenth Circuit
has instructed that, "if federal claims are dismissed before trial, leaving only issues of
state law," courts should "decline to exercise pendent jurisdiction . . . absent compelling
reasons to the contrary."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010)
(alterations, citations, and quotations omitted).  This rule is consistent with "[n]otions of
comity and federalism," which "demand that a state court try its own lawsuits."  *Id.* at
1230 (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

Plaintiff does not argue that the Court should retain jurisdiction over his state law
claims if his federal claims are dismissed, and the Court does not find any compelling
reason to do so.  Accordingly, plaintiff's third, fourth, and fifth claims for relief will be
dismissed without prejudice.  *See Thompson v. City of Shawnee*, 464 F. App'x 720, 726
(10th Cir. 2012) (unpublished) (holding that, when declining to exercise supplemental
jurisdiction over state-law claims, the court "had discretion either to remand the claims
to the state court or to dismiss them"); *see also* Colo. Rev. Stat. § 13-80-111 (permitting
claims properly commenced within the statute of limitations to be re-filed if involuntarily
dismissed because of lack of jurisdiction); *Artis v. Dist. of Columbia*, 138 S. Ct. 594, 598

---

prosecution claim, although the analysis may change depending on whether the arrest
or seizure occurred with or without a warrant.

(2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Dumb Friend League Harmony Equine Center and Bobbi Priestly's Motion to Dismiss [Docket No. 32] is **GRANTED**.  It is further

**ORDERED** that the Park County Sheriff's Office and Deputy Leigh Cochran's Motion to Dismiss [Docket No. 33] is **GRANTED**.  It is further

**ORDERED** that plaintiff's claim against the Park County Sheriff's Office for an unconstitutional policy in violation of 42 U.S.C. § 1983 is **DISMISSED** without prejudice. It is further

**ORDERED** that the remainder of plaintiff's first and second claims against all defendants are **DISMISSED** with prejudice.  It is further

**ORDERED** that plaintiff's third, fourth, and fifth claims are **DISMISSED** without prejudice.  It is further

**ORDERED** that judgment shall enter for defendants and against plaintiff on all claims.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.

DATED March 10, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00364-PAB-NYW

MARK WALKER,

      Plaintiff,

v.

PARK COUNTY SHERIFF'S OFFICE,
DEPUTY LEIGH COCHRAN,
DUMB FRIENDS LEAGUE HARMONY EQUINE CENTER, and
BOBBI PRIESTLEY,

      Defendants.

---

**FINAL JUDGMENT**

---

      In accordance with the orders filed during the pendency of this case, and

pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

      Pursuant to the Order [Docket No. 49] of Chief United States District Judge Philip

A. Brimmer entered on March 10, 2021, it is

      ORDERED that the Dumb Friend League Harmony Equine Center and Bobbi

Priestly's Motion to Dismiss [Docket No. 32] is GRANTED.  It is further

      ORDERED that the Park County Sheriff's Office and Deputy Leigh Cochran's

Motion to Dismiss [Docket No. 33] is GRANTED.  It is further

      ORDERED that plaintiff's claim against the Park County Sheriff's Office for an

unconstitutional policy in violation of 42 U.S.C. § 1983 is DISMISSED without prejudice.

It is further

      ORDERED that the remainder of plaintiff's first and second claims against all

defendants are DISMISSED with prejudice.  It is further

      ORDERED that plaintiff's third, fourth, and fifth claims are DISMISSED without

prejudice.  It is further

      ORDERED that judgment shall enter for defendants and against plaintiff on all

claims.  It is further

      ORDERED that defendants are awarded their costs, to be taxed by the Clerk of

the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  It is further

      ORDERED that this case is closed.

      Dated at Denver, Colorado this 10th day of March, 2021.

                                      FOR THE COURT:

                                        Jeffrey P. Colwell, Clerk

                                        By s/ S. Grimm
                                              Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-cv-00364-PAB-NYW

MARK WALKER,

     Plaintiff,

vs.

PARK COUNTY SHERIFF'S OFFICE, OFFICER LEIGH COCHRAN, DUMB FRIENDS
LEAGUE HARMONY EQUINE CENTER, and BOBBI PRIESTLEY,

     Defendants.

---

### NOTICE OF APPEAL

---

Plaintiff Mark Walker, by his attorney Robert M. Liechty of ROBERT M LIECHTY PC,
gives notice that he is appealing in the above-named case to the United States Court of
Appeals for the Tenth Circuit from an order and judgment granting summary judgment
against both sets of defendants entered in this action on March 10, 2021.

Respectfully submitted this April 6, 2021.

By:   s/   *Robert M. Liechty*
               Robert M. Liechty
               ROBERT M LIECHTY PC
               1800 Gaylord St.
               Denver, Colorado 80206
               Tel: (303) 861-5300
               Fax: (303) 861-2746
               Email:  rliechty@crossliechty.com
               ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this April 6, 2021, a true and correct copy of the above **NOTICE OF APPEAL** was, unless otherwise indicated, filed electronically with the Court who provides notice to the following:

Cynthia Lowery-Graber
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO  80203-4541
cynthia.lowery-graber@bclplaw.com
Attorneys for Colorado Humane Society
and Bobbi Priestley

Andrew R. McLetchie
Eden R. Rolland
Matthew K. Sidran
FOWLER, SCHIMBERG, FLANAGAN & MCLETCHIE, P.C.
350 Indiana St., Suite 850
Golden, CO 80401
a_mcletchie@fsf-law.com
e_rolland@fsf-law.com
m_sidran@fsf-law.com
Attorneys for Park County Sheriff's Office
and Leigh Cochran

*Signed Original at Office of Robert M Liechty PC*

s/ *Robert Liechty*
Robert Liechty

APPEAL,JD1,MJ CIV PP,NDISPO,TERMED

## U.S. District Court - District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00364-PAB-NYW

| | |
|---|---|
| Walker v. Park County Sheriff's Office et al | Date Filed: 02/12/2020 |
| Assigned to: Chief Judge Philip A. Brimmer | Date Terminated: 03/10/2021 |
| Referred to: Magistrate Judge Nina Y. Wang | Jury Demand: Plaintiff |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Mark Walker** | represented by | **Robert Mark Liechty** |
| | | Robert M Liechty PC |
| | | 1800 Gaylord St |
| | | 5105 DTC Parkway |
| | | Denver, CO 80206 |
| | | 303-861-5300 |
| | | Fax: 303-861-2746 |
| | | Email: rliechty@crossliechty.com |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Park County Sheriff's Office** | represented by | **Andrew R. McLetchie** |
| | | Fowler Schimberg Flanagan & McLetchie, P.C. |
| | | 350 Indiana Street |
| | | Suite 850 |
| | | Golden, CO 80401 |
| | | 303-298-8603 |
| | | Fax: 303-298-8748 |
| | | Email: a_mcletchie@fsf-law.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Eden R. Rolland** |
| | | Fowler Schimberg Flanagan & |

McLetchie, P.C.
350 Indiana Street
Suite 850
Golden, CO 80401
303-298-8603
Fax: 303-298-8748
Email: e_rolland@fsf-law.com
*ATTORNEY TO BE NOTICED*

**Matthew Kakuang Sidran**
Fowler Schimberg Flanagan &
McLetchie, P.C.
350 Indiana Street
Suite 850
Golden, CO 80401
303-298-8603
Fax: 303-298-8748
Email: m_sidran@fsf-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Leigh Cochran**                  represented by   **Andrew R. McLetchie**
*Deputy*                                            (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Eden R. Rolland**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Matthew Kakuang Sidran**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Dumb Friends League**            represented by   **Cynthia Dawn Lowery-Graber**
**Harmony Equine Center**                           Bryan Cave Leighton Paisner
                                                    LLP-Denver
                                                    1700 Lincoln Street
                                                    Suite 4100
                                                    Denver, CO 80203-4541
                                                    303-861-7000
                                                    Fax: 303-866-0200
                                                    Email: cynthia.lowery-

CM/ECF - U.S. District Court:cod    Case 1:20-cv-00364-RAB-NYW Document 52-2    Filed 04/07/21    USDC Colorado    Page 3 of 10    Page 8 of 10

Appellate Case: 21-1119    Document: 010110504449    Date Filed: 04/07/2021    Page: 30

graber@bclplaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bobbi Priestley**              represented by **Cynthia Dawn Lowery-Graber**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2020 | 1 | COMPLAINT *and jury deman* against Leigh Cochran, Dumb Friends League Harmony Equine Center, Park Cty Sheriff Office, Bobbie Priestly (Filing fee $ 400,Receipt Number 1082-7148964) Attorney Robert Mark Liechty added to party Mark Walker (pty:pla), filed by Mark Walker. (Attachments: # 1 Summons, # 2 Civil Cover Sheet)(Liechty, Robert) (Entered: 02/12/2020) |
| 02/12/2020 | 2 | Case assigned to Magistrate Judge Nina Y. Wang. Text Only Entry. (rsams, ) (Entered: 02/13/2020) |
| 02/13/2020 | 3 | SUMMONS issued by Clerk. (Attachments: # 1 Magistrate Judge Consent Form) (rsams, ) (Entered: 02/13/2020) |
| 03/05/2020 | 4 | ORDER by Magistrate Judge Nina Y. Wang on 3/5/20, Setting Scheduling/Planning Conference and Setting Deadline for Filing of Consent/Nonconsent Form Consent Form due by 5/12/2020. Proposed Scheduling Order due by 5/19/2020. Scheduling/Planning Conference set for 5/26/2020 10:00 AM in Courtroom A 502 before Magistrate Judge Nina Y. Wang. (nmarb, ) (Entered: 03/05/2020) |
| 03/26/2020 | 5 | WAIVER OF SERVICE Returned Executed by Mark Walker. Dumb Friends League Harmony Equine Center waiver sent on 3/25/2020, answer due 5/26/2020. (Liechty, Robert) (Entered: 03/26/2020) |
| 03/26/2020 | 6 | WAIVER OF SERVICE Returned Executed by Mark Walker. Bobbi Priestley waiver sent on 3/25/2020, answer due 5/26/2020. (Liechty, Robert) (Entered: 03/26/2020) |
| 03/26/2020 | 7 | NOTICE of Entry of Appearance by Cynthia Dawn Lowery-Graber on behalf of Dumb Friends League Harmony Equine Center, Bobbi Priestley Attorney Cynthia Dawn Lowery-Graber added to party Dumb Friends League Harmony Equine Center (pty:dft), Attorney Cynthia Dawn Lowery-Graber added to party |

CM/ECF - U.S. District Court:cod    Case 1:20-cv-00364-PAB-NYW    Document 52-2    Filed 04/07/21    USDC Colorado    Page 4 of 10    Page 4 of 10

Appellate Case: 21-1119    Document: 010110504449    Date Filed: 04/07/2021    Page: 31

| | | Bobbi Priestley (pty:dft) (Lowery-Graber, Cynthia) (Entered: 03/26/2020) |
|---|---|---|
| 03/31/2020 | 8 | Mail Returned as Undeliverable re: 4 Order, Addressed to Leigh Cochran. (nmarb, ) (Entered: 03/31/2020) |
| 03/31/2020 | 9 | Mail Returned as Undeliverable re: 4 Order, Addressed to Park County Sheriff's Office. (nmarb, ) (Entered: 03/31/2020) |
| 04/10/2020 | 10 | NOTICE of Entry of Appearance by Eden R. Rolland on behalf of Leigh Cochran, Park County Sheriff's OfficeAttorney Eden R. Rolland added to party Leigh Cochran(pty:dft), Attorney Eden R. Rolland added to party Park County Sheriff's Office(pty:dft) (Rolland, Eden) (Entered: 04/10/2020) |
| 04/10/2020 | 11 | NOTICE of Entry of Appearance by Andrew R. McLetchie on behalf of Leigh Cochran, Park County Sheriff's OfficeAttorney Andrew R. McLetchie added to party Leigh Cochran(pty:dft), Attorney Andrew R. McLetchie added to party Park County Sheriff's Office(pty:dft) (McLetchie, Andrew) (Entered: 04/10/2020) |
| 04/29/2020 | 12 | NOTICE of Entry of Appearance by Matthew Kakuang Sidran on behalf of Leigh Cochran, Park County Sheriff's OfficeAttorney Matthew Kakuang Sidran added to party Leigh Cochran(pty:dft), Attorney Matthew Kakuang Sidran added to party Park County Sheriff's Office(pty:dft) (Sidran, Matthew) (Entered: 04/29/2020) |
| 05/07/2020 | 13 | MINUTE ORDER by Magistrate Judge Nina Y. Wang on 5/7/2020. The Scheduling Conference set for May 26, 2020, at 10:00 AM, by 4 Order is CONVERTED to a Telephonic Scheduling Conference for the same date and time. All participants shall use the following dial-in information: 888-363-4749, Access Code: 5738976#. Text Only Entry (nywlc2, ) (Entered: 05/07/2020) |
| 05/07/2020 | 14 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Mark Walker All parties do not consent.. (Liechty, Robert) (Entered: 05/07/2020) |
| 05/07/2020 | 15 | CASE REASSIGNED pursuant to 14 Consent to Jurisdiction of Magistrate Judge. All parties do not consent. This case is randomly reassigned to Chief Judge Philip A. Brimmer. All future pleadings should be designated as 20-cv-00364-PAB. (Text Only Entry) (nmarb, ) (Entered: 05/08/2020) |
| 05/08/2020 | 16 | ORDER REFERRING CASE to Magistrate Judge Nina Y. Wang |

| | | |
|---|---|---|
| | | for **non-dispositive matters**. Pursuant to 28 U.S.C. § 636(b)(1) (A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non-dispositive motions, and (4) conduct a pretrial conference and enter a pretrial order. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding, by Chief Judge Philip A. Brimmer on 5/8/2020. Text Only Entry (pabsec2) (Entered: 05/08/2020) |
| 05/19/2020 | 17 | NOTICE of Filing Amended Pleading *complaint* by Plaintiff Mark Walker (Attachments: # 1 Exhibit track-changes doc.) (Liechty, Robert) (Entered: 05/19/2020) |
| 05/19/2020 | 18 | AMENDED COMPLAINT *and jury demand* against Leigh Cochran, Dumb Friends League Harmony Equine Center, Park County Sheriff's Office, Bobbi Priestley, filed by Mark Walker. (Liechty, Robert) (Entered: 05/19/2020) |
| 05/20/2020 | 19 | Unopposed MOTION for Extension of Time to *File the Proposed Scheduling Order* by Defendants Leigh Cochran, Park County Sheriff's Office. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order Granting Unopposed Motion for Extension of Time to File the Proposed Scheduling Order)(Sidran, Matthew) (Entered: 05/20/2020) |
| 05/20/2020 | 20 | MEMORANDUM regarding 19 Unopposed MOTION for Extension of Time to *File the Proposed Scheduling Order* filed by Park County Sheriff's Office, Leigh Cochran. Motion referred to Magistrate Judge Nina Y. Wang, by Chief Judge Philip A. Brimmer on 5/20/2020. Text Only Entry (pabsec2) (Entered: 05/20/2020) |
| 05/20/2020 | 21 | Proposed Scheduling Order by Plaintiff Mark Walker. (Liechty, Robert) (Entered: 05/20/2020) |
| | | |

| 05/21/2020 | 22 | MINUTE ORDER granting [19](#) Unopposed Motion for Extension of Time to File the Proposed Scheduling Order. The Proposed Scheduling Order is due by 5/21/20. In addition to filing the Proposed Scheduling Order, the Parties must also submit a Word version by email to Wang_Chambers@cod.uscourts.gov. By Magistrate Judge Nina Y. Wang on 5/21/20. Text Only Entry (nywlc1) (Entered: 05/21/2020) |
|---|---|---|
| 05/26/2020 | [23](#) | COURTROOM MINUTES/MINUTE ORDER for Scheduling Conference held on 5/26/2020 before Magistrate Judge Nina Y. Wang. Discovery due by 10/28/2020. Dispositive Motions due by 11/27/2020. A Final Pretrial Conference is set for 4/14/2021 11:00 AM in Courtroom A 502 before Magistrate Judge Nina Y. Wang. The parties shall file their proposed pretrial order through CM/ECF and include a courtesy copy of the proposed order in Word format sent by email to Wang_Chambers@cod.uscourts.gov, seven days prior to the conference. FTR: Courtroom A-502. (bwilk, ) (Entered: 05/26/2020) |
| 05/26/2020 | [24](#) | SCHEDULING ORDER: by Magistrate Judge Nina Y. Wang on 5/26/20. Designation of Affirmative Experts due by 10/9/2020 Discovery due by 1/22/2021. Dispositive Motions due by 2/19/2021. Designation of Rebuttal Experts due by 11/6/2020. (nmarb, ) (Entered: 05/27/2020) |
| 05/27/2020 | [25](#) | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re [18](#) Amended Complaint by Defendants Leigh Cochran, Park County Sheriff's Office. (Attachments: # [1](#) Proposed Order (PDF Only) Proposed Order Granting Unopposed Motion for Extension of Time to File Responsive Pleading)(Sidran, Matthew) (Entered: 05/27/2020) |
| 05/27/2020 | 26 | MEMORANDUM regarding [25](#) Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re [18](#) Amended Complaint filed by Park County Sheriff's Office, Leigh Cochran. Motion referred to Magistrate Judge Nina Y. Wang, by Chief Judge Philip A. Brimmer on 5/27/2020. Text Only Entry (pabsec2) (Entered: 05/27/2020) |
| 05/29/2020 | [27](#) | MINUTE ORDER by Magistrate Judge Nina Y. Wang on 5/29/20 DENYING without prejudice [25](#) Defendants Unopposed Motion for Extension of Time to Answer or Otherwise Respond. (nmarb, ) (Entered: 05/29/2020) |
|  |  |  |

CM/ECF - U.S. District Court:cod                                    Page 7 of 10
Case 1:20-cv-00306-PAB-NYW Document 52-2   Filed 04/07/21   USDC Colorado   Page 7 of 10

Appellate Case: 21-1119   Document: 010110504449   Date Filed: 04/07/2021   Page: 34

| 06/01/2020 | 28 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 18 Amended Complaint by Defendants Leigh Cochran, Park County Sheriff's Office. (McLetchie, Andrew) (Entered: 06/01/2020) |
| 06/01/2020 | 29 | MEMORANDUM regarding 28 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 18 Amended Complaint filed by Park County Sheriff's Office, Leigh Cochran. Motion referred to Magistrate Judge Nina Y. Wang, by Chief Judge Philip A. Brimmer on 6/1/2020. Text Only Entry (pabsec2) (Entered: 06/01/2020) |
| 06/01/2020 | 30 | ORDER granting 28 Amended Unopposed Motion for Extension of Time to Responsive Pleading. Defendants Park County Sheriff's Office and Leigh Cochran shall file an Answer or other responsive pleading to Plaintiff's Amended Complaint on or before 6/9/2020. By Magistrate Judge Nina Y. Wang on 6/1/20. Text Only Entry (nywlc1) (Entered: 06/01/2020) |
| 06/02/2020 | 31 | STIPULATION for Extension of Time to Answer or Respond to the Complaint *UNDER D.C.COLO.LCivR 6.1(a)* by Defendants Dumb Friends League Harmony Equine Center, Bobbi Priestley. Dumb Friends League Harmony Equine Center answer due 6/5/2020; Bobbi Priestley answer due 6/5/2020. (Lowery-Graber, Cynthia) (Entered: 06/02/2020) |
| 06/05/2020 | 32 | MOTION to Dismiss *Pursuant to F.R.C.P. 12(b)(1) and (6)* by Defendants Dumb Friends League Harmony Equine Center, Bobbi Priestley. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Lowery-Graber, Cynthia) (Entered: 06/05/2020) |
| 06/09/2020 | 33 | MOTION to Dismiss for Failure to State a Claim *Pursuant to Fed. R. Civ. P. 12(b)(6)* by Defendants Leigh Cochran, Park County Sheriff's Office. (Attachments: # 1 Exhibit A - Order, # 2 Exhibit B - Motion to Suppress, # 3 Exhibit C - Transcript of Jury Trial)(McLetchie, Andrew) (Entered: 06/09/2020) |
| 06/10/2020 | 34 | MOTION to Stay re 24 Scheduling Order *Discovery* by Defendant Dumb Friends League Harmony Equine Center. (Attachments: # 1 Proposed Order (PDF Only) Granting Motion to Stay Discovery)(Lowery-Graber, Cynthia) (Entered: 06/10/2020) |
| 06/10/2020 | 35 | MEMORANDUM regarding 34 MOTION to Stay re 24 Scheduling Order *Discovery* filed by Dumb Friends League |

| | | |
|---|---|---|
| | | Harmony Equine Center. Motion referred to Magistrate Judge Nina Y. Wang, by Chief Judge Philip A. Brimmer on 6/10/2020. Text Only Entry (pabsec2) (Entered: 06/10/2020) |
| 06/12/2020 | 36 | MINUTE ORDER by Magistrate Judge Nina Y. Wang on 6/12/2020. Pending before this court is Defendants' Motion to Stay Discovery. 34 . In the Motion to Stay Discovery, Defendants indicate that counsel "conferred with counsel for Plaintiff regarding the relief requested herein and was informed that Plaintiff takes no position with respect to the relief requested herein." [Id. at 1]. To facilitate this court's expeditious consideration of the Motion to Stay Discovery, IT IS ORDERED that any response by Plaintiff should be filed no later than June 17, 2020. Text Only Entry (bwilk, ) (Entered: 06/12/2020) |
| 06/15/2020 | 37 | SUPPLEMENT/AMENDMENT to 33 MOTION to Dismiss for Failure to State a Claim *Pursuant to Fed. R. Civ. P. 12(b)(6)* by Defendants Leigh Cochran, Park County Sheriff's Office. (Attachments: # 1 Exhibit Exhibit D: Minute Order)(McLetchie, Andrew) (Entered: 06/15/2020) |
| 06/17/2020 | 38 | RESPONSE to 34 MOTION to Stay re 24 Scheduling Order *Discovery* filed by Plaintiff Mark Walker. (Liechty, Robert) (Entered: 06/17/2020) |
| 06/18/2020 | 39 | ORDER by Magistrate Judge Nina Y. Wang on 6/18/20 GRANTING 34 Defendant's Motion to Stay Discovery. Discovery in this matter is STAYED pending resolution of the Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and (6) [#32] and Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6) [#33]. If this matter proceeds in whole or part following Judge Brimmer's resolution of the Motions to Dismiss, within three days of such resolution, the parties are ORDERED to jointly telephonically contact chambers at 303-335-2600 to set a status conference.(nmarb, ) (Entered: 06/18/2020) |
| 06/26/2020 | 40 | RESPONSE to 32 MOTION to Dismiss *Pursuant to F.R.C.P. 12 (b)(1) and (6)* filed by Plaintiff Mark Walker. (Liechty, Robert) (Entered: 06/26/2020) |
| 06/30/2020 | 41 | RESPONSE to 33 MOTION to Dismiss for Failure to State a Claim *Pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Plaintiff Mark Walker. (Attachments: # 1 Exhibit Harmony exhibit A)(Liechty, Robert) (Entered: 06/30/2020) |
| 07/10/2020 | 42 | Unopposed MOTION for Extension of Time to File |

CM/ECF - U.S. District Court:cod                                    Page 8 of 10
Case 1:20-cv-00389-RAB-NYW Document 52-2   Filed 04/07/21   USDC Colorado   Page 9 of 10
Appellate Case: 21-1119     Document: 010110504449     Date Filed: 04/07/2021     Page: 36

| | | |
|---|---|---|
| | | Response/Reply as to 32 MOTION to Dismiss *Pursuant to F.R.C.P. 12(b)(1) and (6)* by Defendants Dumb Friends League Harmony Equine Center, Bobbi Priestley. (Attachments: # 1 Proposed Order (PDF Only))(Lowery-Graber, Cynthia) (Entered: 07/10/2020) |
| 07/13/2020 | 43 | ORDER by Chief Judge Philip A. Brimmer on 7/13/2020 re: 42 Motion for Extension of Time to File Response/Reply is GRANTED. Defendants shall reply to 32 Motion to Dismiss on or before **July 15, 2020**. Text Only Entry(pabsec2) (Entered: 07/13/2020) |
| 07/14/2020 | 44 | **STRICKEN** REPLY to Response to 33 MOTION to Dismiss for Failure to State a Claim *Pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Defendants Leigh Cochran, Park County Sheriff's Office. (McLetchie, Andrew) Modified on 7/14/2020 (pabsec2, ). (Entered: 07/14/2020) |
| 07/14/2020 | 45 | MINUTE ORDER by Chief Judge Philip A. Brimmer on 7/14/2020 re: 44 Reply to Response to Motion filed by Park County Sheriff's Office, Leigh Cochran is **STRICKEN** for failure to comply with § III.A of this Court's Practice Standards. "Replies shall not exceed ten pages." Defendants Park County Sheriff's Office and Leigh Cochran are granted leave to refile a complying reply no later than **July 16, 2020**. Text Only Entry (pabsec2) (Entered: 07/14/2020) |
| 07/15/2020 | 46 | REPLY to Response to 33 MOTION to Dismiss for Failure to State a Claim *Pursuant to Fed. R. Civ. P. 12(b)(6)* filed by Defendants Leigh Cochran, Park County Sheriff's Office. (McLetchie, Andrew) (Entered: 07/15/2020) |
| 07/15/2020 | 47 | REPLY to Response to 32 MOTION to Dismiss *Pursuant to F.R.C.P. 12(b)(1) and (6) Joinder* filed by Defendants Dumb Friends League Harmony Equine Center, Bobbi Priestley. (Lowery-Graber, Cynthia) (Entered: 07/15/2020) |
| 03/10/2021 | 48 | MINUTE ORDER: The Final Pretrial Conference set by this court's 24 Scheduling Order for 4/14/2021 at 11:00 A.M. is hereby CONVERTED to a Telephonic Final Pretrial Conference. All participants shall use the following dial-in information: 888-363-4749, Access Code: 5738976# at the designated time. By Magistrate Judge Nina Y. Wang on 3/10/2021. Text Only Entry (nywlc1, ) (Entered: 03/10/2021) |
| 03/10/2021 | 49 | ORDER. The Dumb Friend League Harmony Equine Center and |

| | | |
|---|---|---|
| | | Bobbi Priestly's Motion to Dismiss 32 is GRANTED. The Park County Sheriff's Office and Deputy Leigh Cochran's Motion to Dismiss 33 is GRANTED. Plaintiff's claim against the Park County Sheriff's Office for an unconstitutional policy in violation of 42 U.S.C. § 1983 is DISMISSED without prejudice. The remainder of plaintiff's first and second claims against all defendants are DISMISSED with prejudice. Plaintiff's third, fourth, and fifth claims are DISMISSED without prejudice. Judgment shall enter for defendants and against plaintiff on all claims. Within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. This case is closed, by Chief Judge Philip A. Brimmer on 3/10/21.(sgrim) (Entered: 03/10/2021) |
| 03/10/2021 | 50 | FINAL JUDGMENT re: 49 Order, by Clerk on 3/10/21. (sgrim) (Entered: 03/10/2021) |
| 04/06/2021 | 51 | NOTICE OF APPEAL as to 49 Order on Motion to Dismiss,,,, Order on Motion to Dismiss for Failure to State a Claim,,, 50 Clerk's Judgment by Plaintiff Mark Walker (Filing fee $ 505, Receipt Number 1082-7800421) (Liechty, Robert) (Entered: 04/06/2021) |