# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 21-1119 |
| Case Name | Mark Walker v. Park County Sheriff's Office, et al. |
| Party or Parties Filing Notice of Appeal Or Petition | Walker |
| Appellee(s) or Respondent(s) | Park County Sheriff's Office, Deputy Leigh Cochran, Dumb Friends League Harmony Equine Center, and Bobbi Priestley |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.     APPEAL FROM DISTRICT COURT**

        **1.** Date final judgment or order to be reviewed was **entered** on the district court docket:     March 10, 2021

        **2.** Date notice of appeal was **filed**:     April 6, 2021

        **3.** State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority):     30 days

            **a.** Was the United States or an officer or an agency of the United States a party below?     no

    **b.**    Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: _____no_____

**4.**    Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.**    Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

        _____None_____

    **b.**    Has an order been entered by the district court disposing of any such motion, and, if so, when?

        _____N/A_____

**5.**    Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. _____yes_____

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.**    If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    _____

    **b.**    If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? _____

    **c.**    If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____

**6.**    Cross Appeals.

    **a.**    If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

    _____

    **b.**    If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold*

      *Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). _____

**B. REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.** Date of the order to be reviewed: _____

    **2.** Date petition for review was filed: _____

    **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C. APPEAL OF TAX COURT DECISION**

    **1.** Date of entry of decision appealed: _____

    **2.** Date notice of appeal was filed: _____

    (If notice was filed by mail, attach proof of postmark.)

    **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

**II.    ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    **A.**    Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    **B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.**    Describe the sentence imposed. _____

_____

    **D.**    Was the sentence imposed after a plea of guilty? _____

    **E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    **F.**    Is the defendant on probation or at liberty pending appeal? _____

    **G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Plaintiff owned a herd of 78 horses in the high plains of Colorado; he had been in the horse business there for over 40 years. During a particularly harsh phase of winter (the temperature fell to -40° for a few weeks), deputy sheriff Cochran, the local animal control officer, received complaints that some of his animals were doing poorly. At the time, plaintiff was already working overtime to care for his herd and he followed the advice of Ms. Cochran to provide additional care. She told him he had 30 days (until mid-March) to get his herd in shape. Plaintiff knew that he would probably lose several horses to the weather.

Ms. Cochran contacted defendant Priestley, with the Dumb Friends League, who determined that because of the weather, plaintiff's animals were doing poorly. This was a fact of winter life in the mountains. She had 58 of them seized, after a veterinarian's inspection, on February 21, three weeks before the above deadline. Plaintiff was charged with eight counts of cruelty to animals, under a state statute, and was found not guilty on all counts.

Plaintiff filed two constitutional claims under 42 USC §1983, for unreasonable seizure under the fourth amendment and for malicious prosecution. Discovery was stayed and the trial court granted defendants' motion to dismiss based upon qualified immunity, i.e., it was not clearly established that defendants violated plaintiff's constitutional rights in seizing the horses. The court dismissed without prejudice the three remaining state torts.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Under what conditions may animals be seized when the owner is taking proper care of them but the weather is unusually harsh?

Under what conditions may defendants, who have expertise in animal care, seize animals even if they know that the weather, and not the owner's care, is harming the animals?

Under what facts may an animal owner claim that a state officer is taking advantage of a bonding scheme by seizing more animals than necessary?

V. **ATTORNEY FILING DOCKETING STATEMENT:**

Name: _____Robert Liechty_____ Telephone: __303-319-8382__

Firm: _____Robert M. Liechty PC_____

Email Address: ____rliechty@crossliechty.com_____

Address: ____1800 Gaylord St., Denver, CO 80206_____

_s/_____Robert Liechty_____     _____April 20, 2021_____
Signature                                                    Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

### CERTIFICATE OF SERVICE

I, _____Robert Liechty_____, hereby certify that on
[attorney for appellant/petitioner]

_____4/20/21_____, I served a copy of the foregoing **Docketing Statement**, to:
[date]

Cynthia Lowery-Graber, Tiffanie Stasiak, Lisa Saccomano, Andrew McLetchie, and Eden Roland, at cynthia.lowery-graber@bclplaw.com, tiffanie.stasiak@kutakrock.com, lisa.saccomano@kutakrock.com, a_mcletchie@fsf-law.com, and e_rolland@fsf-law.com
[counsel for/or appellees]     the last known address/email address, by

_____e-mail_____.
[state method of service]

_s/_____Robert Liechty_____
Signature

_____4/20/21_____
Date

Robert M. Liechty
1800 Gaylord St.
Denver, CO 80206

Full name and address of attorney

6