Appellate Case No. 21-1119

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

MARK WALKER,

     Plaintiff-Appellant,

v.

PARK COUNTY SHERIFF'S OFFICE,
DEPUTY LEIGH COCHRAN,
DUMB FRIENDS LEAGUE HARMONY EQUINE CENTER, and
BOBBI PRIESTLY

     Defendants-Appellees.

*Appeal from the United States District Court for the District of Colorado*
*Case No. 20-cv-00364-PAB-NYW*
*The Honorable Philip A. Brimmer, Chief United States District Judge*

---

## ANSWER BRIEF OF DEFENDANTS-APPELLEES PARK COUNTY SHERIFF'S OFFICE AND DEPUTY LEIGH COCHRAN

---

**Oral argument is requested.**

Andrew R. McLetchie, Esq.
Eden R. Rolland, Esq.
FOWLER, SCHIMBERG,
FLANAGAN & MCLETCHIE, P.C.
350 Indiana St., Suite 850
Golden, CO 80401
Telephone: (303) 298-8603
a_mcletchie@fsf-law.com
e_rolland@fsf-law.com

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................. i

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF RELATED CASES ....................................................... 1

JURISDICTIONAL STATEMENT .......................................................... 1

ISSUES PRESENTED FOR REVIEW ..................................................... 2

STATEMENT OF THE CASE.................................................................. 2

SUMMARY OF THE ARGUMENT ........................................................ 2

ARGUMENT ........................................................................................... 4

  A.  Deputy Cochran has qualified immunity because the affidavits supporting the warrants issued for the search and seizure of Walker's horses established probable cause.................................................................................................. 4

    1.  Standard of Review. ...................................................................... 4

    2.  The affidavits supporting the warrants issued for the search and seizure of Walker's horses established probable cause. ...................................................... 5

    3.  Walker's Fourth Amendment claims are barred by issue preclusion. ........ 17

    4.  Walker fails to allege that Deputy Cochran personally participated in or caused "malicious prosecution." ...................................................................... 21

  B.  There is no showing that the magistrate judge who issued the warrants was "materially misled" by the affidavits. ................................................................ 22

C.   Walker does not appeal the District Court's dismissal of claims against the Park County Sheriff's Office. .................................................................26

   1.   Standard of Review. ......................................................................26

   2.   Walker does not appeal the dismissal of his claims against the Park County Sheriff's Office...................................................................26

CONCLUSION ......................................................................................27

REQUEST FOR ORAL ARGUMENT ...................................................27

# TABLE OF AUTHORITIES

## Cases

*Albright v. Oliver,*
    510 U.S. 266 (1994)..............................................................................21

*Albright v. Rodriguez,*
    51 F.3d 1531 (10th Cir. 1995) ......................................................5, 21

*Bailey v. United States,*
    568 U.S. 186 (2013)................................................................................6

*Brown v. Montoya,*
    662 F.3d 1152 (10th Cir. 2011) .........................................................4, 5

*Brown v. The City of Colo. Springs,*
    709 Fed. Appx. 906 (10th Cir. 2017)......................................................4

*Calvert v. Ediger,*
    415 Fed. Appx. 80 (10th Cir. 2011)......................................................22

*Cummings v. Dean,*
    913 F.3d 1227 (10th Cir. 2019) .............................................................4

*Davis v. Gracey,*
    111 F.3d 1472 (10th Cir. 1997) .............................................................6

*Durham v. Horner,*
    690 F.3d 183 (4th Cir. 2012) .................................................................6

*Employees' Ret. Sys. of R.I. v. Williams Cos.,*
    889 F.3d 1153 (10th Cir. 2018) ...........................................................26

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982)................................................................................4

*Malley v. Briggs,*
    475 U.S. 335 (1985)............................................................................7, 9

*Manuel v. City of Joliet*,
  137 S. Ct. 911 (2017) ............................................................................6

*McNally v. Colo. State Patrol*,
  122 Fed. App'x 899 (10th Cir. 2004) ................................................ 18, 20, 21

*Messerschmidt v. Millender*,
  565 U.S. 535 (2012) ..................................................... 7, 8, 9, 12, 21

*Monell v. Dep't of Soc. Servs.*,
  436 U.S. 658 (1977) ...........................................................................4, 26

*People v. Walker*,
  Park County Court Case No. 2019M43 ............................................... 18, 19, 20

*Pierce v. Gilchrist*,
  359 F.3d 1279 (10th Cir. 2004) ...........................................................13

*Rantz v. Kaufman*,
  109 P.3d 132 (Colo. 2005)...................................................................18

*Rathbun v. Montoya*,
  628 F. App'x 988 (10th Cir. 2015) (unpublished).................................5

*Richison v. Ernest Grp., Inc.*,
  634 F.3d 1123 (10th Cir. 2011) ...........................................................23

*San Juan Citizens Alliance v. Stiles*,
  654 F.3d 1038 (10th Cir. 2011) ...........................................................27

*Smith v. United States*,
  561 F.3d 1090 (10th Cir. 2009) ............................................................5

*Stanton v. Schultz*,
  222 P.3d 303 (Colo. 2010)...................................................................18

*Taylor v. Meacham*,
  82 F.3d 1556 (10th Cir. 1996) .............................................................21

*United States v. Danhauer*,
    229 F.3d 1002 (10th Cir. 2000) .......................................................... 7, 10, 14, 24

*United States v. Elliott*,
    684 Fed. Appx. 685 (10th Cir. 2017)................................................................27

*United States v. Leon*,
    468 U.S. 897 (1984)..................................................................................7, 19

*United States v. Rowland*,
    145 F.3d 1194 (10th Cir. 1998) ......................................................................7, 8

*Whren v. United States*,
    517 U.S. 806 (1996)................................................................................ 14, 16

*Wilkins v. DeReyes*,
    528 F.3d 790 (10th Cir. 2008) .........................................................................21

*Willner v. Budig*,
    848 F.2d 1032 (10th Cir. 1988) .......................................................................18

## Statutes

42 U.S.C. § 1983 ................................................................. 2, 4, 17, 26, 27

C.R.S. § 18-9-202 ............................................... 3, 10, 11, 12, 14, 17, 18

## Rules

Fed. R. Civ. P. 12(b)(6)................................................................ 4, 20, 23

## Constitutional Provisions

U.S. Const., amend. IV ............................... 2, 3, 4, 5, 6, 9, 14, 16, 17, 20, 21, 24, 27

U.S. Const., amend. XIV……………………………………………………….3, 14

## STATEMENT OF RELATED CASES

There are no prior or related appeals.

In the proceedings below, the United States District Court for the District of Colorado ("District Court") dismissed three claims arising under state law against the Dumb Friends League Harmony Equine Center and Bobbi Priestly. Plaintiff-Appellant Mark Walker ("Walker) then filed those claims in state court, in the matter captioned as *Walker v. Dumb Friends League Harmony Equine Center, et al.*, Case No. 2021CV030031 (Park County District Court). Neither the Park County Sheriff's Office ("Sheriff's Office" or "PCSO") nor Deputy Leigh Cochran ("Deputy Cochran") are parties in that state lawsuit.

## JURISDICTIONAL STATEMENT

The Sheriff's Office and Deputy Cochran agree with the Appellant's jurisdictional statement, except to clarify that the District Court granted the Defendants' motions to dismiss — not motions for summary judgment — and entered judgment in favor of Defendants on all claims. *See* Aplt. App. Vol. II at 156-177 (Order); *Id.* at 178-79 (Final Judgment).[1]

---

[1] In accordance with 10th Cir. R. 28.1(A), references to the appendix are cited in this Brief as Aplt. App. Vol. ___ at ___.

## ISSUES PRESENTED FOR REVIEW

1.      Whether Walker's claims under 42 U.S.C. § 1983 against Deputy Leigh Cochran ("Deputy Cochran") should be dismissed on qualified immunity grounds, where there was probable cause to believe that Walker was guilty of animal cruelty to the horses in his care.

2.      Whether Walker's claims under 42 U.S.C. § 1983 against Deputy Cochran should be dismissed on qualified immunity grounds, where it was not argued below, and there are no allegations raised in this appeal, that Deputy Cochran's affidavit knowingly or recklessly contained false information that misled the magistrate judge who issued the search warrant regarding Walker's horses.

## STATEMENT OF THE CASE

Pursuant to Fed. R. App. P. 28(i), the Sheriff's Office and Deputy Cochran join in and adopt by reference the "Statement of the Case," including the material and information in subsections A., B., and C. therein, set forth in the Brief of Defendants-Appellees Dumb Friends League Harmony Equine Center ("Harmony") and Bobbi Priestly. *See* Brief of Harmony and Priestly at 2-7 (pp. 8-13 of the PDF).

## SUMMARY OF THE ARGUMENT

The Court should affirm the District Court's dismissal of Walker's Fourth Amendment claims against Deputy Cochran of unreasonable seizure and malicious

prosecution. Deputy Cochran is clothed with qualified immunity. Walker fails to overcome that qualified immunity with factual, non-conclusory allegations showing that Deputy Cochran violated Walker's clearly established constitutional rights. The affidavits prepared by Deputy Cochran supporting warrants for the search and seizure of Walker's horses established probable cause for suspecting that Walker was violating Colorado's criminal statute against animal cruelty, C.R.S. § 18-9-202. A neutral and detached magistrate judge determined that they did so, and issued the warrants. Furthermore, pursuant to the doctrine of issue preclusion, Walker is barred from re-litigating the Park County Court's prior determination that these warrants were supported by probable cause. Because Walker has failed to allege facts showing the absence of probable cause, Walker fails to state a Fourth Amendment claim for relief of unreasonable seizure as well as malicious prosecution. Furthermore, Walker's argument that Deputy Cochran's affidavits "materially misled" the magistrate judge is raised for the first time on appeal and should be ignored. Even when considered on the merits, the argument fails to articulate the correct legal principle, is unsupported and conclusory, and still fails to allege any facts capable of overcoming Deputy Cochran's qualified immunity.

Walker has abandoned his claim of unreasonable seizure under the Fourteenth Amendment and waives his appeal of the District Court's grant of Walker's

voluntary dismissal of *Monell* claims against the Park County Sheriff's Office. Accordingly, the only claims at issue in this appeal are Fourth Amendment claims, asserted pursuant to 42 U.S.C. § 1983, against Deputy Leigh Cochran. Because Walker has failed to articulate any facts showing Deputy Cochran committed a Fourth Amendment violation, this Court should affirm the District Court's dismissal of those claims pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

**A. Deputy Cochran has qualified immunity because the affidavits supporting the warrants issued for the search and seizure of Walker's horses established probable cause.**

1. Standard of Review.

The Court "reviews de novo a district court's grant of a motion to dismiss based on qualified immunity." *Cummings v. Dean*, 913 F.3d 1227, 1237 (10th Cir. 2019) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)). Deputy Cochran is clothed with qualified immunity, and therefore is protected "from liability for civil damages insofar as [her] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. The City of Colo. Springs*, 709 Fed. Appx. 906, 913 (10th Cir. 2017) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To overcome Deputy Cochran's qualified immunity on a Rule 12(b)(6) motion to dismiss, Walker

must sufficiently plead that (1) Deputy Cochran violated one of his constitutional rights, and (2) the right was clearly established at the time of the alleged misconduct. *Brown v. Montoya*, 662 F.3d at 1164 (citation omitted); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).

    2.  <u>The affidavits supporting the warrants issued for the search and seizure of Walker's horses established probable cause.</u>

The crux of this case is whether there was probable cause to believe Walker was guilty of animal cruelty. As the facts verified in Deputy Cochran's affidavits show, the unequivocal answer to that question is "yes."[2] Walker's Amended Complaint and Opening Brief on appeal are devoid of any allegations that rise above the speculative level regarding this dispositive issue. Instead, Walker's allegations and arguments are premised upon the erroneous assumption that his subsequent acquittal by a jury of criminal charges of animal cruelty means there must not have been any probable cause basis to investigate and charge him to begin with. That is not the law, and such a holding would result in law enforcement officers potentially

---

[2] As the District Court noted in its Order below, the Court may consider the warrants and supporting affidavits in the record because they are relied upon in Walker's Amended Complaint, they are central to his Fourth Amendment claims, and Walker does not dispute their authenticity. *See* Aplt. App. Vol. II at 164, n.5 (District Court Order) (citing *Rathbun v. Montoya*, 628 F. App'x 988, 990 n.2 (10th Cir. 2015) (unpublished) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

being held liable every time a criminal defendant is later acquitted.

"[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Manuel v. City of Joliet*, 137 S. Ct. 911, 917 (2017) (quoting *Bailey v. United States*, 568 U.S. 186, 192 (2013)). Accordingly, the relevant and dispositive issue of Walker's Fourth Amendment claims, including his malicious prosecution claim, is whether there was probable cause for the warrants to seize his horses.[3] Tenth Circuit precedent adheres to the well-settled principle that a law enforcement officer's reliance on a valid warrant entitles the officer to qualified immunity to a Fourth Amendment claim. *See e.g. Davis v. Gracey*, 111 F.3d 1472, 1476-81 (10th Cir. 1997). As argued in the Motion to Dismiss and this Brief, Deputy Cochran's qualified immunity bars Walker's claims for unreasonable seizure and malicious prosecution due to Walker's inability to allege or prove a lack of probable cause.

When a search or seizure is conducted pursuant to a warrant, "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt v. Millender*, 565 U.S.

---

[3] *See Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) ("what has been inartfully termed…'malicious prosecution'…is simply a claim founded on a Fourth Amendment seizure that incorporates the elements of the analogous common law tort of malicious prosecution…[requiring seizure]…pursuant to legal process that was not supported by probable cause...") (citations omitted).

535, 546 (2012) (citing *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). An officer whose request for a warrant allegedly causes a constitutional violation may lose the shield of qualified immunity only if, for example, the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 547 (citing *Malley v. Briggs*, 475 U.S. 335, 345 (1985) and *Leon*, 468 U.S. at 923); *see also United States v. Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000).

"[T]he threshold for establishing this exception is a high one." *Messerschmidt*, 565 U.S. at 547. "'In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination' because '[i]t is the magistrate's responsibility to determine whether the officer's allegations establish probable cause....'" *Id.* (citing *Leon*, 468 U.S. at 921). "[I]t goes without saying that where a magistrate acts mistakenly in issuing a warrant but within the range of professional competence of a magistrate, the officer who requested the warrant cannot be held liable." *Id.* at 547-48 (quoting *Malley*, 475 U.S. at 346 n.9). "Reviewing courts should give the magistrate's ultimate probable cause decision 'great deference.'" *United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1998) (citations omitted). The only situation wherein that "great deference" should not be applied is where "the affidavit does not provide 'a substantial basis for concluding that probable cause

existed.'" *Id.* (citation omitted).

The high threshold of this exception is not met in this case. Deputy Cochran prepared four factually detailed and specific affidavits stating the grounds for issuing warrants for the search and seizure of Walker's horses. *See* Aplt. App. Vol. I at 44-50; 52-58; 60-62; and 64-66.[4] Walker's first argument is that Deputy Cochran does not have qualified immunity because these affidavits "did not establish probable cause." *See* Opening Br. at 16. It is self-evident from a review of the affidavits that this argument is without merit. A neutral and detached magistrate judge issued the warrants for the search and seizure of Walker's horses. *See* Aplt. App. Vol. I at 45, 53, 60, 64. This alone is the "clearest indication" that Deputy Cochran and Agent Priestly acted in "an objectively reasonable manner" in executing those warrants. *Messerschmidt*, 565 U.S. at 546. The magistrate judge was responsible for

---

[4] The first two affidavits, 19PS13 and 19PS14, concern the horses at Badger Basin Ranch. *See id.* at 44-50 and 52-58. The only apparent difference between the two is that the second affidavit, 19PS14, sought a warrant to also search for "[s]amples of all feed/hay to be collected from all potential feed sources for testing to determine nutritional value." *Compare id.* at 50 (last sentence) *with id.* at 58 (last sentence). This difference is not material to Walker's claims, nor does Walker argue that it is. The third affidavit, 19PS15, concerns the horses at Hartsel Springs Ranch. *See id.* at 60-62. The fourth affidavit, 19PS16, appears to concern the horses at the ranch of Lynne Durbin, and not Hartsel Ranch as indicated in Walker's Opening Brief. *See id.* at 64-66; *see also* Opening Br. at 5, 11, 11 n.5. Walker asserts there is "no difference of substance in the affidavits supporting the four warrants." Opening Br. at 11, n.5.

determining whether Deputy Cochran's affidavit statements established probable cause, and did so. *Id.* at 547. Walker argues the magistrate was mistaken in his understanding of the probable cause basis for the warrants, stating "there was no probable cause to assert that Mr. Walker was abusing his animals" because "there was little more that [Walker] could do" given the unusually harsh winter conditions. *See* Opening Br. at 17. This argument is conclusory, self-serving, and fails to add any specific additional facts regarding what Walker did or did not do, or what Deputy Cochran did or did not know, concerning Walker's care of his herd. But even if the magistrate was mistaken in understanding the precise contours of the probable cause for issuing the warrants, nothing in Walker's conclusory allegations or arguments indicate the warrants were issued outside the magistrate's "range of professional competence." *Messerschmidt*, 565 U.S. at 547-48 (quoting *Malley*, 475 U.S. at 346 n.9). Therefore, Deputy Cochran, whose actions in preparing the affidavits are subordinate to the magistrate's ultimate probable cause determination, cannot be held liable. *Id.*

The District Court below correctly applied legal precedent governing the Fourth Amendment and probable cause determinations to the facts alleged in Walker's Amended Complaint, concluding that the affidavits were *not* so lacking in indicia of probable cause as to render the magistrate's issuance of the warrants

outside the range of professional competence and thereby expose Deputy Cochran to liability. *See* Aplt. App. Vol. II at 163-167. The District Court identified thirteen relevant facts in the affidavits that it concluded establish probable cause. *Id.* at 165. While those facts will not be restated in full here, they include the facts that Deputy Cochran was receiving reports of "thin horses"; Deputy Cochran saw a dead horse, mostly covered by snow; Walker told Deputy Cochran he had been unable to move his horses and "he could not access the far back north side of the property due to large snow drifts"; Walker told Deputy Cochran that "two, possibly four" horses had died; and, although Deputy Cochran directed Walker to provide his thin horses with different feed on several occasions in late January and early February, Walker did not feed the horses "better hay" until February 18. *See id.* (Order's identification of facts establishing probable cause); *cf.* Aplt. App. Vol. I at 46-50 (affidavit statements regarding the poor condition of Walker's horses and other factors establishing probable cause).

The District Court was correct. The facts listed in the District Court's Order, taken together, are more than enough to meet the probable cause standard: that is, "facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence" that Walker was violating Colorado's animal cruelty statute, C.R.S. § 18-9-202. *Danhauer*, 229 F.3d at 1006 (citation omitted). In

10

relevant part, C.R.S. § 18-9-202 states:

> (1) (a) A person commits cruelty to animals if he or she knowingly, recklessly, or with criminal negligence overdrives, overloads, overworks, torments, deprives of necessary sustenance, unnecessarily or cruelly beats, allows to be housed in a manner that results in chronic or repeated serious physical harm, carries or confines in or upon any vehicles in a cruel or reckless manner, engages in a sexual act with an animal, or otherwise mistreats or neglects any animal, or causes or procures it to be done, or, having the charge or custody of any animal, fails to provide it with proper food, drink, or protection from the weather consistent with the species, breed, and type of animal involved, or abandons an animal.
>
> C.R.S. § 18-9-202(1)(a) (emphasis added).

The facts set out in Deputy Cochran's affidavits and specifically identified in the District Court's Order show there was probable cause to believe Walker may have violated C.R.S. § 18-9-202 with respect to some or all of his horses. Walker insists he did not "abuse" his horses, yet there are multiple ways other than overt and intentional abuse of an animal for a person to violate C.R.S. § 18-9-202. The facts in the affidavits most prominently suggest that Walker may have been in violation for failing to provide his horses "with proper food, drink, or protection from weather consistent with the species, breed, and type of animal involved." The magistrate judge determined that the affidavits established probable cause of a violation of C.R.S. § 18-9-202, and issued the warrants. The District Court concluded the affidavits were not "so lacking in indicia of probable cause as to render official belief

11

in its existence entirely unreasonable." *Messerschmidt*, 565 U.S. at 547. As the District Court explained, "The affidavit here describes plaintiff's property, plaintiff's horses, plaintiff's care of the horses, and plaintiff's dilatory response to caring for the horses. This establishes a fair probability that plaintiff had not been adequately caring for his herd and is sufficient indicia of probability to support the magistrate's issuance of the warrant." Aplt. App. Vol. II at 166. A review of the affidavits in the record will easily lead this Court to reach the same conclusion. Aplt. App. Vol. I at 44-50; 52-58; 60-62; and 64-66.

On appeal, Walker fails to articulate valid or persuasive reasons why the lower courts' determinations were incorrect. Walker's Opening Brief argues that Deputy Cochran's affidavits did not inform the magistrate, or alternatively that the magistrate failed to consider, several additional material facts that allegedly negate probable cause. *See* Opening Br. at 19 and 23; *id.* at 21, n.11 and n.12. However, none of the facts or arguments in Walker's Opening Brief move the probability needle toward a conclusion that the affidavits prepared by Deputy Cochran are so "lacking in indicia of probable cause" as to render belief in the existence of probable cause of a violation of C.R.S. § 18-9-202 "entirely unreasonable." If the affidavits included all the information that Walker alleges was omitted, there would still easily be ample reasons to find probable cause. *See Pierce v. Gilchrist*, 359 F.3d 1279,

1293 (10th Cir. 2004). For instance, the Opening Brief first argues the magistrate judge neglected to consider allegations that Walker "had complied with the deputy sheriff's requests to provide feed and water" and that "there was nothing else that Mr. Walker could have done given the extreme weather." Opening Br. at 15. These statements are vague, overbroad, and conclusory. Deputy Cochran's detailed five-page affidavit chronicles her instructions to Walker to provide the horses with feed and water and Walker's responses to these instructions.[5] Nothing indicates that the magistrate judge did not consider the affidavit's statements concerning Walker's compliance. The affidavit's narrative is far more comprehensive and specific than Walker's vague reference to additional, unaccounted-for allegations of compliance, which does nothing to negate the affidavit's statements that show Walker failed to provide horses with "proper food, drink, or protection from the weather" at various times. Moreover, a court does not need to account for every possible mitigating circumstance or give the suspect the benefit of reasonable inferences when making

---

[5] For example, the affidavit states that on January 30, 2019—one day after Deputy Cochran posted the first Notice of Warning—she again explained to Walker "that he must continue to supplement feed all of his livestock, not just the cows and buffalo." Aplt. App. Vol. I at 47. He responded by stating that "the winter weather has been very bad and hard on his stock" and that "he could not access the far back north side of the property due to large snow drifts." *Id.* On February 15, 2019, "Walker again stated he did not want a bunch of horses up at the ranch to feed" and became agitated when he was told that he needed to provide grass hay for the horses. *Id.* at 48.

a probable cause determination. Instead, the critical inquiry is whether, in consideration of "the totality of the circumstances set forth in the affidavit," the facts in the affidavit "lead a prudent person to believe that a search would uncover…evidence of criminal activity." *Danhauer*, 229 F.3d at 1006 (citations omitted). There is nothing to suggest the magistrate judge did not do so here.

Walker next argues that Deputy Cochran "did not tell the magistrate that Harmony Equine Center (and Agent Priestly) would profit from [the] seizure." Opening Br. at 17. Whether Harmony or Priestly would profit from the seizure is irrelevant to determining whether Walker was in violation of C.R.S. § 18-9-202. Walker has abandoned his unreasonable seizure claim under the Fourteenth Amendment in this appeal, and pursues the claim under the Fourth Amendment only. *Id.* at 4, n.2. "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996). Therefore, whether there was a profit motive is irrelevant. Also, there are no allegations that Deputy Cochran was aware of Harmony Equine Center's business model, bonding schedule, or whether Walker would have been unable to afford the bonds for his horses—and Deputy Cochran is not under any general duty to report facts she allegedly 'should have known.'

Walker also argues the magistrate was not told "that the horses were specially

bred to withstand the cold" and that "a skinny horse is not the same as an abused horse." Opening Br. at 18. These statements do not negate the many other indications that Walker was not properly caring for his horses, including Deputy Cochran observing a dead horse "mostly covered by snow"; Walker telling Deputy Cochran "he had been unable to move his horses" and "could not access the far back north side of the property"; Walker telling Deputy Cochran that "two, possibly four" horses had died; Deputy Cochran and Walker riding a tractor and finding "more thin horses" that Walker said "were fine" the week before; and a veterinarian assessing one of Walker's emaciated horses with the lowest possible body rating score. *See* Aplt. App. Vol. II at 165. Whether or not Walker bred his horses to withstand the cold, and whether or not a "skinny" horse is an "abused" horse, does not alter these uncontroverted facts.

Walker's Opening Brief goes on to list 25 other "facts" that are either paraphrased from the 13 facts set forth on page 10 of the District Court's Order, or are "additional material facts" that were "intentionally omitted" from the affidavit.[6]

---

[6] It is not clear which of the 25 listed facts are meant to fall in the latter category. Walker notes on item 20 of 25, "These last seven facts negate probable cause." Opening Br. at 21, n. 11. It is not clear if Walker meant items 14 through 20 as these "last seven facts," items 19 through 25 as these "last seven facts," or some other combination. In any event, the undersigned has compared Walker's 25 listed facts in the Opening Brief with the 13 facts in the District Court's Order, and this Brief responds to the facts on Walker's list that do not appear in the District Court's Order.

*See* Opening Br. at 19-21. None of the alleged "additional material facts" appearing in this list come close to changing either the magistrate's probable cause determination or the conclusion that the magistrate's probable cause determination was unreasonable. Many of the statements (*i.e.*, numbers 16, 18, 19, 20) speak to the alleged intent of the Defendants in seizing the horses. Opening Br. at 20-21. As stated above, an officer's "[s]ubjective intentions" are irrelevant in the Fourth Amendment probable cause analysis. *Whren*, 517 at 813. Some of the statements (*i.e.*, numbers 22 and 23) concern what Deputy Cochran or Agent Priestly "should have known" regarding unfulfilled and speculative future events. Opening Br. at 21. As such, they play no role in whether the affidavit contained sufficient information to support the issuance of a search warrant at the then-present time. Similarly, the statements concerning Walker's 40-year history in the outfitting business and his methods of breeding and caring for his horses (*see* numbers 8 and 21) are irrelevant to the present-day determination of an animal cruelty violation. *See* Opening Br. at 19 and 21. Deputy Cochran's alleged statement that the seizure was "out of her hands" and that it was Agent Priestly's decision to execute the warrant (*see* number 17) only serves to demonstrate that Deputy Cochran's alleged personal involvement was limited to preparing the affidavits, not executing them. Opening Br. at 20. Alleging that Agent Priestly stated "it would be difficult for any healthy animal to

survive in the harsh conditions" (*see* number 24) also fails to demonstrate personal involvement by Deputy Cochran or a causal link between Deputy Cochran and the alleged constitutional violations. Opening Br. at 21. Even if Agent Priestly's opinion were taken as a true and factual statement, a person could still be guilty of violating the animal cruelty statute under the circumstances. *See* C.R.S. § 18-9-202(1)(a). Finally, Walker's allegation regarding Agent Priestly's statement that "there was nothing [he] could have done to have satisfied Agent Priestly" (*see* number 25), is pure conjecture and does not involve Deputy Cochran. Opening Br. at 21.

In summary, Walker has not alleged or argued any factual basis for defeating Deputy Cochran's qualified immunity on the ground that Deputy Cochran's affidavits were lacking in indicia of probable cause. Considering all the allegedly omitted facts in totality with the affidavit still easily results in finding there was probable cause for violations of the animal cruelty statute, C.R.S. § 18-9-202. Walker does not overcome Deputy Cochran's qualified immunity on this basis, and the Court should therefore affirm the District Court's dismissal of Walker's Fourth Amendment unconstitutional seizure and malicious prosecution claims asserted under 42 U.S.C. § 1983 against Deputy Cochran.

3. <u>Walker's Fourth Amendment claims are barred by issue preclusion.</u>

The Court may also affirm the dismissal of Walker's Fourth Amendment

claims on the ground that issue preclusion, or collateral estoppel, bars Walker from challenging the Park County court's determination there was probable cause to prosecute Walker on eight counts of animal cruelty under C.R.S. § 18-9-202.

Issue preclusion prevents the re-litigation of issues "if: (1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding." *Stanton v. Schultz*, 222 P.3d 303, 307 (Colo. 2010) (citing *Rantz v. Kaufman,* 109 P.3d 132, 139 (Colo. 2005)); *See also Willner v. Budig,* 848 F.2d 1032, 1034 (10th Cir. 1988). The elements of issue preclusion are met in this case, which can be verified through the court record in *People v. Walker*, Park County Court Case No. 2019M43. *See McNally v. Colo. State Patrol*, 122 Fed. App'x 899, 903 (10th Cir. 2004).

The relevant issue for Walker's claims against Deputy Cochran of prosecution without probable cause is whether there was a probable cause basis permitting Deputy Cochran to draft her affidavit in support of the warrants to seize Walker's horses. *McNally,* 122 Fed. App'x at 903 (holding that, to prove malicious prosecution, the plaintiff would have to demonstrate that the defendants lacked

18

probable cause to arrest and prosecute). This issue was litigated in *People v. Walker*, first during a July 23, 2019 motions hearing and then in the December 4-6, 2019 criminal trial. The Sheriff's Office and Deputy Cochran respectfully request this Court to take judicial notice of these proceedings.

In *People v. Walker,* Mr. Walker litigated the probable cause issue in a Motion to Suppress Physical Evidence and Observations resulting from the search warrants that were executed during the investigation. *See* Aplt. App. Vol. I at 94-102. At the July 23, 2019 hearing, the Court issued a minute order denying the Motion to Suppress. *See id.* at 109. Consistent with this minute order ruling, the Court later allowed testimony at trial concerning the evidence and observations obtained through the search warrant. *See id.* at 103-05 (*People v. Walker*, Park County Court Case No. 2019M43, Div. A, Jury Trial Day One, Partial Transcript – Testimony Only, December 4, 2019). If there was no probable cause, or no good-faith basis for probable cause, the evidence derived from the search warrants would have been excluded; but it was not. *See Leon*, 468 U.S. at 922 (evidence seized in reasonable, good-faith reliance on a search warrant may be admitted, even if the warrant was subsequently found to be defective). Thus, the probable cause issue was litigated through Walker's Motion to Suppress, at the motions hearing, and at trial in Walker's criminal case. The Park County Court determined that the search warrants

were supported by probable cause and there was no Fourth Amendment violation.

In *McNally*, the Tenth Circuit held that the plaintiff's malicious prosecution claim was barred by issue preclusion because he had litigated and lost the issue of probable cause at his criminal trial. 122 F. App'x at 903. That is precisely the situation here. Walker previously litigated and lost the probable cause issue in his criminal trial. Accordingly, the first element of issue preclusion is met: Nothing new can be considered in this instant case because the validity of Deputy Cochran's observations contained in the affidavit was necessarily litigated in *People v. Walker*, with the Park County Court finding a probable cause basis for the warrant. Therefore, under the doctrine of issue preclusion, Walker is barred from asserting claims of prosecution without probable cause in this case.

The remaining three elements of issue preclusion are also satisfied: (1) Walker was a party in his criminal case; (2) there was a verdict that has not been appealed, and therefore there was a final judgment under C.R.C.P. 54; and (3) Walker was found not guilty and therefore he had a full and fair opportunity to litigate the issues in the prior proceeding, because he won at trial. Accordingly, Walker is barred by issue preclusion from bringing claims based on the legal issue of probable cause. This Court should therefore affirm the dismissal of the claims against Deputy Cochran and the Sheriff pursuant to Fed. R. Civ. P. 12(b)(6) because they are barred

by issue preclusion.

4. Walker fails to allege that Deputy Cochran personally participated in or
   caused "malicious prosecution."

Walker has not alleged that Deputy Cochran's personal actions violated Walker's Fourth Amendment rights with respect to his malicious prosecution claim, and thus fails to overcome the first prong of Deputy Cochran's qualified immunity on this claim. *Albright*, 51 F.3d at 1534. Alleging a lack of probable cause is essential to stating a claim of malicious prosecution under the Fourth Amendment. *McNally*, 122 Fed. App'x at 903; *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (citation omitted). For all the reasons explained above, Walker fails to allege the absence of probable cause because Walker's horses were seized pursuant to a validly issued warrant. Therefore, his malicious prosecution claim must be dismissed.

Additionally, a neutral and detached magistrate judge issuing the warrant holds superior authority when over the officer who drafts the affidavit supporting probable cause for the warrant. *Messerschmidt*, 565 U.S. at 547 (citations omitted). Thereafter, the principal player in carrying out a prosecution is not a law enforcement officer, but the prosecutor. *See Taylor v. Meacham,* 82 F.3d 1556, 1563 n.8 (10th Cir. 1996) (quoting *Albright v. Oliver,* 510 U.S. 266, 279 n.5 (1994), Ginsburg, J. concurring)). Here, the magistrate judge's issuance of the warrants to search and seize Walker's horses, and the Park County District Attorney's

21

independent decision to prosecute Walker for animal cruelty, constitute superseding causes, breaking the chain of causation between Deputy Cochran's actions in drafting the affidavits and the allegedly unconstitutional seizure and malicious prosecution. *See e.g. Calvert v. Ediger,* 415 Fed. Appx. 80, 83-85 (10th Cir. 2011) (citations omitted) ("a defendant is not liable in a § 1983 action if there [is] a superseding cause of the constitutional violation"). Walker's Amended Complaint did not allege any facts indicating that Deputy Cochran was either personally involved in prosecuting Walker, or that her individual actions proximately caused the prosecution to occur. The Court should therefore affirm the dismissal of Walker's malicious prosecution claim.

### B. There is no showing that the magistrate judge who issued the warrants was "materially misled" by the affidavits.

Walker contends, for the first time on appeal, that the affidavits prepared by Deputy Cochran "materially misled" the magistrate judge who issued the warrants by not including certain statements or alleged "facts" in the affidavits. *See* Opening Br. at 16. Walker did not present this argument in the District Court, but even if he had, none of Walker's allegations or arguments suggest that the issuing magistrate was misled by false or recklessly omitted information.

As a threshold matter, Walker never argued in the District Court that the magistrate judge who issued the warrants was "materially misled." The District

Court emphasized in its Order that, "[r]egarding the first, second, and third [sic]

exceptions, none of plaintiff's [Amended Complaint] allegations go to the falsity of

the affidavit . . . . Nor does plaintiff argue in either of his responses [to the motions

to dismiss] that these three exceptions apply." *See* Aplt. App. Vol. II at 163. The

District Court further noted Walker would not be able to argue the affidavit

contained false or misleading information because "the affidavit contains

information and allegations nearly identical to those found in [Walker's] complaint."

*Id.* at 163, n.4. A review of Walker's Amended Complaint and responses to the

motions to dismiss confirms that this assessment is accurate. *See* Aplt. App. Vol. I

at 13-25 (Amended Complaint); Aplt. App. Vol. II at 116-128 (response to

Harmony's and Priestly's Motion to Dismiss); *id.* at 130-140 (response to PCSO's

and Cochran's Motion to Dismiss). Consequently, Walker forfeited this argument.

*See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011). This

Court cannot reverse the District Court's decision based upon a forfeited argument

unless Walker has shown that otherwise plain error would result. *Id.* at 1128. "To

show plain error, a party must establish the presence of (1) error, (2) that is plain,

which (3) affects substantial rights, and which (4) seriously affects the fairness,

integrity, or public reputation of judicial proceedings." *Id.* (citation omitted). Walker

does not argue plain error in this appeal. Therefore, this Court should disregard

Walker's arguments regarding the magistrate judge being "materially misled." The argument was not raised below.

Considering the merits of this new argument would still result in dismissal of Walker's Fourth Amendment claims against Deputy Cochran. An officer's qualified immunity may be lost if "the issuing magistrate was misled by an affidavit containing false information or information the affiant would have known was false if not for his reckless disregard of the truth." *Danhauer*, 229 F.3d at 1007. Nowhere in Walker's Amended Complaint or Opening Brief does Walker allege that Deputy Cochran intentionally included false information in the affidavits or included information in the affidavits in reckless disregard of the truth. Walker only states in conclusory fashion that Deputy Cochran "intentionally omitted" certain "additional material facts" from the affidavit "to hide the influence of Agent Priestly." Opening Br. at 19. An "intentional" and/or "material" omission is not the legal standard for overcoming an affiant officer's qualified immunity. An officer is not constitutionally required to include every potentially relevant or material fact in an affidavit supporting probable cause. Unless an omission translates to the affidavit "containing false information" or information the officer "would have known was false if not for a reckless disregard of the truth," the omission cannot defeat qualified immunity.

That is the case here. The facts that Deputy Cochran allegedly omitted from

the affidavits are discussed at length above on pages 12-17 of this Brief. None of those alleged omissions make Deputy Cochran's affidavits false or demonstrate a reckless disregard of the truth. The affidavit is not a bare bones affidavit that fails to identify the 'who, what, when, where, and how' details required for establishing probable cause. Walker's conclusory allegations that omissions were "intentional" and "material" do not carry the heavy burden for defeating the first prong of Deputy Cochran's qualified immunity. Additionally, Walker does not articulate which omissions misled the magistrate or how the magistrate was misled. The allegation that the omissions were done "to hide the influence of Agent Priestly" is purely speculative, and there is no explanation or argument why the alleged "influence of Agent Priestly" is relevant to the probable cause determination. Walker's Opening Brief is simply making, for the first time on appeal, an unsupported and conclusory argument in the hopes of finding something that sticks.

The Court should ignore this argument because it was not raised below. If the Court addresses it, no plausible factual basis has been alleged on which the Court can conclude that Deputy Cochran's affidavits were false or drafted in reckless disregard of the truth. Walker has not overcome Deputy Cochran's qualified immunity on this alternative theory, and the Court should affirm the District Court's dismissal of the claims against Deputy Cochran.

**C. Walker does not appeal the District Court's dismissal of claims against the Park County Sheriff's Office.**

   1. <u>Standard of Review.</u>

The standard of review of a district court's order granting a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim is *de novo*. *Employees' Ret. Sys. of R.I. v. Williams Cos.*, 889 F.3d 1153, 1161 (10th Cir. 2018).

   2. <u>Walker does not appeal the dismissal of his claims against the Park County Sheriff's Office.</u>

In the proceedings below, Walker voluntarily dismissed all *Monell* claims against the Park County Sheriff's Office asserted pursuant to 42 U.S.C. § 1983. *See* Aplt. App. Vol. II at 130; Opening Brief at 14. Accordingly, the District Court ordered that Walker's claim against the Park County Sheriff's Office alleging an unconstitutional policy in violation of 42 U.S.C. § 1983 be dismissed without prejudice. Aplt. App. Vol. II at 176. To the extent that any claims against the Park County Sheriff's Office remained, the District Court dismissed those claims with prejudice. *Id.*

The Opening Brief acknowledges Mr. Walker's agreement to dismiss the *Monell* claims against the Park County Sheriff's Office and does not present any arguments objecting to the District Court's dismissal of these claims. *See id.* at 130; Opening Br. at 14. Because Walker agreed to voluntarily dismiss those claims

below, and now waives on appeal any argument regarding the dismissal of those claims, this Court should affirm the District Court's dismissal of Walker's claims asserted under 42 U.S.C. § 1983 against the Park County Sheriff's Office. *See e.g. San Juan Citizens Alliance v. Stiles*, 654 F.3d 1038, 1056 (10th Cir. 2011) (arguments raised insufficiently in an opening brief are waived on appeal) (gathering cases) (citations omitted); *United States v. Elliott*, 684 Fed. Appx. 685, 688-89, 695 (10th Cir. 2017) (rejecting an appellant's argument that was forfeited in the district court and then waived on appeal).

## CONCLUSION

For the foregoing reasons, the Park County Sheriff's Office and Deputy Leigh Cochran respectfully request that this Court affirm the District Court's Order and Judgment and request an award of their costs pursuant to Fed. R. App. P. 39.

## REQUEST FOR ORAL ARGUMENT

Oral argument is requested. The issue presented raises important questions of law regarding Fourth Amendment standards and qualified immunity. Furthermore, it presents an issue of great importance to the Park County Sheriff's Office and its employee, Deputy Cochran.

**DATED** this 2nd day of August, 2021.

Respectfully Submitted,

*/s/ Andrew R. McLetchie*
Andrew R. McLetchie, Atty. No. 34035
Fowler, Schimberg, Flanagan & McLetchie, P.C.
350 Indiana Street, Suite 850
Golden, Colorado  80401
Telephone: 303-298-8603
Fax: 303-298-8748
A_McLetchie@fsf-law.com
*Attorney for Park County Sheriff's Office and Deputy Leigh Cochran*


*/s/ Eden R. Rolland*
Eden R. Rolland, Atty. No. 48877
Fowler, Schimberg, Flanagan & McLetchie, P.C.
350 Indiana Street, Suite 850
Golden, Colorado  80401
Telephone: 303-298-8603
Fax: 303-298-8748
E_Rolland@fsf-law.com
*Attorney for Park County Sheriff's Office and Deputy Leigh Cochran*

**CERTIFICATE OF COMPLIANCE WITH PAGE AND TYPE-VOLUME LIMITATIONS**

I certify that the foregoing **ANSWER BRIEF OF DEFENDANTS-APPELLEES PARK COUNTY SHERIFF'S OFFICE AND DEPUTY LEIGH COCHRAN** complies with the page and type-volume limitations set forth in Fed. R. App. P. 32(a)(7). This document contains **6,455 words**, inclusive of all footnotes, and excluding the parts of the document exempted by Fed. R. App. P. 32(f).

*/s/ Eden Rolland*
Eden Rolland

**CERTIFICATE OF REDACTION**

I certify that the foregoing **ANSWER BRIEF OF DEFENDANTS-APPELLEES PARK COUNTY SHERIFF'S OFFICE AND DEPUTY LEIGH COCHRAN** complies with the privacy redaction requirements of Fed. R. App. P. 25(5), 10th Cir. R. 25.5, and Fed. R. Civ. P. 5.2.

*/s/ Eden Rolland*
Eden Rolland

**CERTIFICATE OF COMPLIANCE IN HARD COPY SUBMISSIONS**

I certify that the hard copies of **ANSWER BRIEF OF DEFENDANTS-APPELLEES PARK COUNTY SHERIFF'S OFFICE AND DEPUTY LEIGH COCHRAN** to be submitted to the Court are exact copies of the version submitted electronically using the Court's CM/ECF system.

*/s/ Eden Rolland*
Eden Rolland

## CERTIFICATE OF SCANNING FOR VIRUSES

I certify that the foregoing **ANSWER BRIEF OF DEFENDANTS-APPELLEES PARK COUNTY SHERIFF'S OFFICE AND DEPUTY LEIGH COCHRAN** was scanned for viruses with the most recent version of a commercial virus scanning program, Malwarebytes, Inc. (version 4.1.0, last update 05/29/2020), and is free of viruses.

*/s/ Eden Rolland*
Eden Rolland

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2021, I electronically filed the foregoing **ANSWER BRIEF OF DEFENDANTS-APPELLEES PARK COUNTY SHERIFF'S OFFICE AND DEPUTY LEIGH COCHRAN** using the Court's CM/ECF system, which will send notification of such filing to the following:

Robert M. Liechty
ROBERT M. LIECHTY PC
1800 Gaylord Street
Denver, CO 80205
rliechty@crossliechty.com
*Attorney for Appellant Mark Walker*

Tiffanie D. Stasiak
Lisa M. Saccomano
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, CO 80202
tiffanie.stasiak@kutakrock.com
lisa.saccomano@kutakrock.com
*Attorneys for Appellees Dumb Friends*
*League Harmony Equine Center and*
*Bobbi Priestly*

*/s/ Sylvia Osiecka*
Sylvia Osiecka